JEREMIAH VINCENT et al., Respondents, v. SYLVIA D. NEW-
HOUSE et al., Appellants.

The will of D. gave to his wife certain lands for life and directed that at
her death the lands should be sold by the executor, and "the proceeds
be equally divided between my daughters Sylvia, Harriet and Janetta,
and the children and heirs of my sons Benjamin and Sumner and of my
daughter Cynthia, share and share alike, and if either of the heirs
above mentioned and intended shall die after the date of this will
and before the said sums are paid them, the share of the one so dying
without issue shall be equally divided among the other heirs above named."
The testator died leaving his wife and the six children named surviving.
Harriet and Janetta both died, leaving no children. Benjamin died,
leaving a son and grandson, and Sumner died leaving seven children
surviving. Afterward the widow died, and thereafter Cynthia died,
without issue. In an action to obtain a construction of the will *held*,
that the will intended a conversion of the land into money; the
actual conversion, however, not to take place until the termination of
the life estate; and by the provision the land was equitably converted
into money from the time the sale was directed to be made that
no portion of the remainder vested at the death of the testator but only
upon the death of the widow; that Harriet and Janetta having died
before that time, and Cynthia thereafter without issue, it left the pro-
ceeds to be divided between Sylvia, the children of Sumner, and the
child and grandchild of Benjamin; such children and grandchild tak-
ing *per stirpes*, not *per capita*.

(Argued December 21, 1880; decided January 18, 1881.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the fourth judicial department, entered upon
an order made October 23, 1878, affirming a judgment entered
upon the report of a referee.

The nature of the action and the facts appear sufficiently
in the opinion.

*James H. Stevens, Jr.,* for appellant Newhouse. The in-
terests of the beneficiaries were contingent until the death of
Mercy Dole. (*Moore* v. *Lyon,* 25 Wend. 119, 124; *Van Nos-
strand* v. *Moore,* 52 N. Y. 12; *Colton* v. *Fox,* 67 id. 352,
353; *Costar* v. *Lorillard,* 14 Wend. 298; *Carmichael* v. *Car-
michael,* 1 Abb. Ct. App. Dec. 309; *Guernsey* v. *Guernsey,* 36

N. Y. 267; *Tyrun* v. *Blasel*, 22 id. 558; *Teed* v. *Morton*, 60 id. 502; *Moncrief* v. *Ross*, 50 id. 431.) Future estates are contingent whilst the person to whom or the event upon which they are limited to take effect remains uncertain. (*Moore* v. *Little*, 41 N. Y. 77.) Upon the death of the life-tenant the one hundred and sixty-nine acres became vested as personal property in the survivors of Harriet and Janetta. (*Cushman* v. *Houton*, 59 N. Y. 152; *Smith* v. *Scholts*, 68 id. 59; *Kiah* v. *Grenier*, 56 id. 220; *Bundy* v. *Bundy*, 38 id. 410, 419; *Norris* v. *Burger*, 3 Kern. 280; *Baker* v. *Lener*, 67 N. Y. 308.)

C. N. *Flenagin* for appellants Dole and others. Upon the death of the life-tenant, the legacy vested in the surviving beneficiaries. (*Cripps* v. *Wolcott*, 4 Madd. 15; Williams on Executors [6th Am. ed.], 1575, note; *Sinton* v. *Boyd*, 19 Ohio St. 30; 2 American R. 369; *Hatch* v. *Bassett*, 52 N. Y. 359; *Leed* v. *Morton*, 60 id. 502–507; 2 Jarm. on Wills, 641; 1 id. 525–530; *Moncrief* v. *Ross*, 50 N. Y. 431; *Stagg* v. *Jackson*, 1 Comst. 206; *Ross* v. *Roberts*, 2 Hun, 90; 4 Hill, 292; 17 Eng. [Moak's Notes] 729; *Colton* v. *Fox*, 67 N. Y. 348; 2 Williams on Executors [6th Am. ed.], 1334; *Carmichael* v. *Carmichael*, 43 N. Y. 346; *Egerton's Adm's* v. *Conklin*, 25 Wend. 241; 2 Washburn on Real Estate [3d ed.], 511; *Matteson* v. *Wheeler*, 11 Hun, 245; *Adams* v. *Beekman*, 1 Paige, 633; *Everett* v. *Everett*, 29 N. Y. 75; *Gillman* v. *Reddington*, 24 id. 502; *Howell* v. *Mills*, 7 Lans. 193.) The words " share and share alike," and " equally to be divided," occurring in the second clause of the will, clearly indicate that the testator intended that the division of the proceeds of the sale of the one hundred and sixty-nine acres among the surviving beneficiaries should be made *per capita*. (*Macknet* v. *Macknet*, 9 C. E. Green, 293; *Lee* v. *Lee*, 16 Abb. Pr. 127; *Myers* v. *Myers*, 23 How. 410; *Clark* v. *Lynch*, 46 Barb. 68; *Seabury* v. *Brewer*, 53 id. 662; *Bunner* v. *Storm*, 1 Sandf. Ch. 358; *Murphy* v. *Harvey*, 4 Edw. Ch. 131; *Hill* v. *Spruell*, 4 Ired. [N. C.] Eq. 244; *Cheeves* v. *Bell*, 1 Jones [N. C.], Eq. 234; *Shuell* v. *Johnson*, 2 id. 202; *Patterson* v. *McMasters*, 3 id.

208; *Ballard* v. *Connors*, 10 Rich. [S. C.] Eq. 389; *Lane* v. *Lane*, 1 Wins. [N. C.] Eq. No. 284; *Smith* v. *Ashhurst*, 34 Ala. 208; *Bender's Appeal*, 3 Grant's [Pa.] Cas. 210; *Wessenger* v. *Hunt*, 9 Rich. [S. C.] Eq. 459; *Burnett* v. *Burnett*, 30 N. J. Eq. 595; 23 Eng. R. [Moak's Notes] 513; *Dowding* v. *Smith*, 3 Beav. 541; 2 Williams on Executors [6th Am. ed.], 1624; 9 Paige's Ch. 81; 2 Pere Williams, 383; 10 Simons, 626; 2 Hare, 54; 1 Bradford, 314; *Payne* v. *Webb*, 11 Eng. R. [Moak's Notes] 647.)

*L. W. Thayer* for respondents. The relations of the testator to the objects of his bounty, and also the mode in which the law would dispose of the property in case of intestacy, will be taken into the account in interpreting wills. (*Clark* v. *Lynch*, 46 Barb. 81.) When the word heirs is used in a will, and there are no other words to control the presumption, the legal inference is that it is *nomen collectivum;* that it designates the persons whom the law appoints to succeed to the inheritance in case of intestacy, and that legatees thus designated take by representation and not in their own right. (*Daggett* v. *Stock*, 8 Metc. 453; *Blakelee* v. *Webb*, 2 Pere Wm.'s Rep. 383; *Bool* v. *Mix*, 17 Wend. 119; *Hoppock* v. *Tucker*, 1 Hun, 132; 59 N. Y. 202.) The remainder vested in interest in the three daughters named, absolutely upon the death of the testator, and also in the three classes mentioned, and in being subject to the limitation over, to open and let in children born after his death and before the death of the widow. (*Doe* v. *Provoost*, 4 Johns. 64; *Morris* v. *Lyons*, 25 Wend. 44; *Manice* v. *Manice*, 33 N. Y. 367; *Traver* v. *Schell*, 20 id. 89; *Everett* v. *Everett*, 29 id. 39; *McKinsley* v. *Saunders*, 2 N. Y. Sup. Ct. Rep. 81; *Lawrence* v. *Bayard*, 7 Paige, 75; *Moore* v. *Littel*, 41 N. Y. 80; *Mead* v. *Mitchell*, 17 id. 11; 2 R. S. 132 [4th ed.], § 13.)

DANFORTH, J. By the second clause of the will of Thomas Dole he declared as follows: "I give and devise to my wife Mercy, during her life, * * * one hundred and

sixty-nine acres of land, * * * and I do order and direct that at the death of my said wife the said one hundred and sixty-nine acres of land be sold by my executor, and the proceeds be equally divided between my daughters Sylvia, Harriet and Janetta, and the children and heirs of my sons Benjamin and Sumner, and of my daughter Cynthia, share and share alike, and if either of the heirs above mentioned and intended shall die after the date of this will, and before the said sums are paid, then the shares of the one so dying without issue shall be equally divided among the other heirs above named," and by a subsequent or fifteenth clause as follows : "I give, bequeath, and devise all the rest and residue of my property, real and personal, to my wife Mercy, my daughters Sylvia, Harriet and Janetta, and the children of my two sons Benjamin and Sumner, to be equally divided among them, share and share alike, except my mill property on lot ten (10), one-third of which I give to my wife Mercy, and I do order and direct my executor to sell my property on number ten (10) and divide two-thirds of the proceeds among the heirs last mentioned." Moses Smith was appointed executor of the will. The testator died April 4th, 1842, and left surviving, his wife Mercy, and the six children named in the second clause of the will; afterward died Smith, the executor. Harriet became the wife of the plaintiff, and Janetta, the wife of J. Monroe Smith; but both died, leaving no issue. Benjamin died, having two children; and Sumner died, having seven children, all of whom survived him. After them, and on the 14th of November, 1873, the widow, Mercy, died; after her, and before the commencement of this action, Cynthia died, without issue. Harriet devised her interest in the estate to her husband. Janetta died intestate, but left surviving her husband, who is one of the defendants but not an appellant herein. Benjamin, at his death, left a son and grand-daughter, his heirs. They were living at the time of the death of Mercy, and the plaintiff, Jeremiah Vincent, before that time, and on the 11th of November, 1870, acquired by purchase their rights to the lands and interests involved in

this action. He also purchased the rights and interests of Cynthia. The action was brought to obtain, among other things, a determination of the rights and interests of all the parties under the will, the appointment of a trustee, who, in place of Smith, the executor, should execute its provisions concerning the sale of the premises mentioned in the second clause above set out, and divide the proceeds between the parties interested therein. After answer, a referee was appointed to hear and determine the issues raised thereby. To his report exceptions were taken, and these having been held invalid by the Supreme Court, are made the basis of this appeal. The learned referee, as to the remainder provided for in the second clause of the will, held, first : " That the testator converted it into personal property, and that the beneficiaries took their respective interests as legacies or money, the proceeds of the sale of the lands; " second : " That such proceeds should be divided into six equal portions, and that each of the daughters, Sylvia, Harriet and Janetta, were they living, would be entitled to a portion of one-sixth, and the children of Sumner Dole, as a class, would be entitled to one-sixth, and the children of Benjamin Dole, as a class, to one-sixth." Third : "That these five portions became vested in interest respectively, upon the death of the testator," subject to contingencies not now important. Fourth : " That as Cynthia had no children and is now deceased, there has been a failure of the expectations and intentions of the testator as to her one-sixth, and it has gone into the residue," under the residuary clause (15) above set forth. Fifth : " That the lands mentioned in said second clause " (the one hundred and sixty-nine acres) " must be sold and the proceeds divided as follows : To J. Monroe Smith, the surviving husband of Janetta, one-sixth ; to the plaintiff, Jeremiah, as legatee and devisee of his wife Harriet, one-sixth, and as grantee of Cynthia, one-sixth, and as grantee of the heirs of Benjamin Dole, one-sixth ; to the children of Sumner Dole, as a class, one sixth, the share of each child being one-seventh of one-sixth ; to Sylvia D. Newhouse, one-sixth." Seventh : "The

one-sixth" (Cynthia's share), "that has gone into the residue be also divided in six shares or portions."

In support of exceptions taken to these conclusions of the referee, the appellants claim, *first*, that the referee erred in the disposition directed by him of the one-sixth part designated as Cynthia's. And this seems to be so; for, as we have seen, he first holds that the plaintiff is entitled to it as the grantee of Cynthia, and again holds that it has " gone into the residue and is to be divided into six shares or portions," and the manner of distribution is given. It is obvious that both directions cannot stand, for either one would necessarily defeat the other. If the plaintiff takes the share as grantee of Cynthia, no part of it could go to the residue. And, on the other hand, if the share is regarded as part of the residue of the estate, it could not pass to the plaintiff as the grantee of Cynthia. This would require a mod- ification of the judgment; but other difficulties are in the way of sustaining it. The bequest was not to Cynthia, but to her children. She died without issue, and had no interest. The plaintiff therefore gained nothing from her grant. Nor should it go to the residue. The testator provides for such portion of the proceeds of the one hundred and sixty-nine acres, by declar- ing that it shall be equally divided among the other heirs named. It is also insisted that the rights of the beneficiaries under the second clause of the will are to be determined by the condition of relationship existing at the death of Mercy Dole, the life tenant; and one class of the appellants claim that Har- riet and Janetta, having died without issue before the death of Mercy, the widow, and there being no children of Cynthia, that the shares which they would otherwise have had are to be equally divided among the survivors *per capita* and not *per stirpes;* so that there should be ten parts to be distributed, as follows: One-tenth to Sylvia D. Newhouse; one-tenth to each of the seven children, or representatives of the children of Sum- ner Dole; and one-tenth to each of the two children or repre- sentatives of the children of Benjamin Dole. The other ap- pellant, Sylvia D. Newhouse, while alleging error in other

respects, claims to be entitled to a share of one-sixth, according to the referee's report.

Upon the principal question involved — the one as to which both classes of appellants agree — we think their contention is well founded. The testator empowers and directs the executor to sell the land and divide the proceeds. There is then intended a conversion of land into money, and it is this money which the beneficiaries are to have. The actual conversion, however, is not to take place until or at the death of the widow or life tenant; and we may say here, as was said by the Master of the Rolls in *Hoghton* v. *Whitgreave* (1 Jac. & Walker Ch. Rep. 145): "Not only was there no bequest before the widow's death, but the subject-matter did not then exist in the shape and form in which it is given." The meaning of the provision is the same as it would have been, if after naming the children and the grandchildren, the testator had simply added, and " the survivor or survivors of them." This would not mean those who survive the testator. It is not as if he said, "those who survive me;" for the gift relates to the death of his wife, and this is made plain by the express declaration, that "if either of the heirs before mentioned and intended shall die after the date of the will, and before the said sums are paid, then the shares of the one so dying without issue shall be equally divided among the other heirs above named." The question then is, who were capable of taking at the period fixed for distribution? This agrees with the rule of construction adopted by this court in *Teed* v. *Morton* (60 N. Y. 502), viz., that words of survivorship in bequests of personal estate are to be referred to the period of distribution and enjoyment, unless there is a special intent to the contrary. Such intent does not appear here, but from the language above quoted it is apparent that the purpose of the testator will be attained by the application of the doctrine formulated by this rule. There would be much force in the argument of the learned counsel for the respondent, if it were not for the fact that the testator has directed the executor to sell the land and specified the time of doing it — the death of the life tenant. He is vested with no discretion, and there is there-

fore no time during which the heirs would be entitled either to the possession of the land or to its rents and profits; for by the provision the land was equitably converted into money from the time the sale was directed to be made. (*Moncrief* v. *Ross*, 50 N. Y. 431; *Hatch* v. *Bassett*, 52 id. 359.) We think, therefore, that the learned referee erred in holding that any portion of the remainder provided for in the second clause of the will vested at the death of the testator, and that the exception thereto is well taken.

Another exception makes it necessary to determine the rule of distribution; and here it should be observed, that the explicit language of the testator gives the share of those dying "without issue after the date of the will, and before the sums are paid," to the other heirs mentioned or intended by him. This excludes Harriet, from whom, as her devisee, the plaintiff claims, and Janetta, from whom, in like manner, J. Monroe Smith claims. It excludes Cynthia, for the devise was not to her, but to her children, and she had none; and leaves the proceeds of the one hundred and sixty-nine acres to be divided between Sylvia D. Newhouse, the children of Sumner Dole, and the child and grandchild of Benjamin Dole. The children of Sumner Dole are appellants. In behalf of the children of Benjamin it is claimed, that they take *per capita* and not *per stirpes*. The referee held otherwise, and in this we concur with him. Such a construction carries out the apparent intention of the testator. He seems to have aimed at equality. The proceeds are to be "equally divided," "between," he says, "my daughters Sylvia, Janetta and Harriet, and the children and heirs of my sons Benjamin and Sumner, and of my daughter Cynthia; thus giving to each group of grandchildren a share equal to that given to a child. (*Bool* v. *Mix*, 17 Wend. 119.) I think this intent is manifested by the particular provision in the will under which the distribution is to take place. The beneficiaries are in the testator's mind not as individuals, but as a body or class, together representing or standing for his own child, and so together taking of his bounty a share equal to that given to his own child — his own child-

ren, in equal shares *in capita*, his grandchildren, by representation *in stirpes*. There is nothing in the will to indicate a different purpose, and it accords with the general scheme as manifested by other provisions of the will. At the beginning of that instrument, he declared his desire "to discharge the duties which every man owes to his family," by making such provision for the distribution of his "property as shall be just and equitable." A distribution which should give to the children of Sumner seven times more than was given to either one of the testator's own children would defeat the object expressed in this introduction. That he had sufficient or some reason for passing by his own son and bestowing his bounty upon the children of the son, may be assumed; but no intention is apparent to increase the bounty given to the issue of one son beyond that given to the other children. Our conclusion is confirmed when we find that by a subsequent provision, he gives to Sylvia, in fee, 239 acres; to Harriet, in fee, 225 acres; to Janetta, 173 acres; while "to the children and heirs of Benjamin, as tenants in common, he gives 215 acres in fee, and to the children of Sumner, as tenants in common, 162 acres, in fee; and preserves a like discrimination between the children and grandchildren in gifts of chattels made by subsequent provisions of the will. It is manifest that throughout the instrument he refers to the children of each son as a class together representing the son, and not as individuals. It may be conceded, that under a devise or bequest to one and the children of another, it has been often held, that *prima facie* the persons take *per capita* and not *per stirpes;* and to this effect are many cases cited by the appellant. But the rule is technical, is subject to many exceptions, and courts readily depart from it when a different intent is discoverable. (2 Jarm. on Wills, 107; *Balcom* v. *Haynes*, 96 Mass. [14 Allen], 204; *Lockhart* v. *Lockhart*, 3 Jones Eq. [N. C.] 205; *Fisher* v. *Skillman's Ex'rs*, 3 C. E. Green, 229; *Clark* v. *Lynch*, 46 Barb. 81; *Hoppock* v. *Tucker*, 59 N. Y. 202; *Ferrer* y. *Pyne*, 81 N. Y. 281.) We are thus led to the conclusion that the proceeds of the 269 acres should be divided into three parts, to one of which Sylvia

D. Newhouse will be entitled; and as the plaintiff, Jeremiah Vincent, has by purchase acquired the rights of the children of Benjamin Dole, he will be entitled to one part, and the children and heirs of Sumner to one part. The judgment should be modified accordingly, without costs to either party as against the other upon this appeal.

All concur.

Judgment accordingly.