NEW YORK COUNTY. — HON. D. G. ROLLINS, SURRO-GATE.—December, 1885.

JONES *v.* M. E. SUNDAY SCHOOL.

*In the matter of the estate of* JOHN W. JONES, *deceased.*

A legacy to a society, incompetent to take at the testator's death, because not then incorporated, is neverthess effectual if not intended to vest until a later date,—at which the legatee has acquired a corporate character and is authorized to receive the benefit.

Testator's will devised certain property to A., in trust for his life, directing that, *at the death* of the *cestui que vie,* the same "be sold, and one third of the amount received be given to B., and $100 of the remainder be given to C., *and the residue I bequeath to* " a society named. It further provided : " Whatever interest I may have in other real estate I devise the same to A., for life, *and at his death to be converted into money and given to* " the same society.—

*Held,* that, by the terms of the will, the subject of the bequests to the society did not come into existence, and, therefore, the same did not vest, until C.'s death.

Warner v. Durant, 76 *N. Y.,* 133—followed.

CONSTRUCTION of will of decedent, upon admission of same to probate, at the instance of Frederick Jones, his only son and heir at law, contestant.

WILSON S. WOLF, *for proponent.*

JOHN M. MARTIN, *and* GEO. S. COLEMAN, *for contestant.*

THE SURROGATE.—The fourth clause of this decedent's will is in these words : " I devise to my brother Gabriel my home in Washington, D. C., for life, in trust for my son Frederick (that is, my son to have the rents and profits) Jones, and at the death of my brother Gabriel, the above described house and lot is to be sold, and one third of the amount received be given to my son, Frederick Jones, and $100 of the remainder be given to William T. Baker, and the residue I bequeath to the Sunday school of St. Paul's A. M. E. church of Washington, D. C."

At the time of the controversy over the probate of this will, the contestant claimed that this provision in favor of the Sunday school at Washington was invalid. In a memorandum, wherein I held that the will was entitled to probate, I said that, if there was any dispute as to whether the Sunday school had been incorporated, or as to its competency if incorporated, to take under Washington law, I would, before entry of a decree admitting the will to probate, receive evidence upon those points.

·A certificate of the incorporation of St. Paul's A. M. E. church Sunday school of the District of Columbia has since been put in evidence on behalf of the executors. It appears, by that certificate, that the corporation was formed in July last, after the death of the testator. The contestant claims that, as the Sunday school was not in existence as a corporation when the testator died, the legacy in its behalf is invalid.

This contention is well founded or erroneous, as it shall appear that the legacy in question was intended to vest immediately upon the death of the testator, or afterwards, upon the death of his brother Gabriel, who survived him, and who is still living.   In the one case, the subject of the legacy not being disposed of by the will, vested at once in the testator's next of kin, and of course could not be devested by the subsequent incorporation of the Sunday school.   But if, on . the other hand, the legacy was not intended to vest until the death of the testator's brother, the Sunday school, if it shall be then duly incorporated and competent to take under Washington laws, will become entitled to its legacy (Shipman v. Rollins, 98 *N. Y.*, 311).

It was held by the Court of Appeals, in Warner v. Durant (76 *N. Y.*, 133), that "where there is no gift but by direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives."   This doctrine seems to me to be applicable to the case at bar.   The real estate. is given to testator's brother as trustee during his life ; at his death, it is to be sold and the proceeds are to be then distributed.   Not until that time will the subject of the bequest to the Sunday school come into existence.   Under similar circumstances it was held, in Vincent v. Newhouse (83 *N. Y.*, 505), and Delaney v. McCormack (88 *N. Y.*, 174), that a legacy did not vest at the death of a testator.

The testator whose will was under consideration in Shipman v. Rollins (*supra*) was, in the estimation of

the Court of Appeals, "looking to a future and not a present vesting of the bequests. He first provided for the support of his wife during her life, and then for a disposition of the proceeds of his estate which might remain after her death. It was at this time, and not before, that the legacies named were to take effect. He expressly declares that 'then' the balance of said fund shall be divided. Until then it could not be divided, and was to be held for the purposes named in the will. Prior to that time, it was given to nobody, and it was only after the death of his widow that the division could be made, and these provisions of his will carried out. It was 'then,' as the will says, 'I give.'"

I cannot distinguish the case at bar from the one just cited, and, accordingly, hold that the legacy to the Sunday school has not yet vested, and will not vest during the lifetime of Gabriel Jones.

I may add that the Sunday school does not seem to be competent at present to take a testamentary bequest. It appears by the certificate of incorporation that it claims to be a body corporate under and by virtue of §§ 533 and 534 of the Revised Statutes of the District of Columbia. The former of these sections declares that any society formed for the purpose of religious worship may receive by gift, devise or purchase, a quantity of land not exceeding an acre, but does not authorize the acceptance of personalty bequeathed by will. The clause claimed to be invalid may, nevertheless, become effectual in the event that the Sunday school shall be duly incorporated and legally competent to accept the legacy when the time shall arrive for its vesting.