Smith, P. J.
The plaintiff and defendant are children of Samuel Robinson, who died in 1874, leaving a will. The defendant, as sole surviving executor, took out letters and administered on the estate. The deceased, by his will, devised the use of all his estate to his wife and his son James, during life, the management and control of the property to he vested in the wife so long as she was competent, and then in his executors, who were directed to use the net income for the benefit and support of his wife and James. The executors were directed, after the death of the wife and James, or within a reasonable time thereafter, to sell and dispose of the property, both real and personal, and dis- ■ tribute the proceeds thereof equally to the testator’s children, William W., Mary Ann, Lewis and Luke, or to their heirs. Lewis and the wife died before the testator. James died in November, 1880. The plaintiff and the defendant, with their sister Mary Ann Cressy, were the only devisees or heirs at law of the testator at the time of the death of the *667 surviving life tenant, James. The testator died seized of about forty acres of land. In April, 1878, the interest of the plaintiff in said land was sold by virtue of an execution issued upon a judgment against him in favor of the defendant herein and another, as executors of Lyman Smith, deceased. At the time of such sale, the sheriff had in his hands another execution against the plaintiff herein in favor of the defendant as executor of the said Samuel Robinson, deceased. Upon such sale, the interest of the plaintiff herein in said land was struck off to the defendant herein, individually, for the sum of $187.34, which was the gross amount of said judgments and the expenses of sale. The interest thus sold was not redeemed, and the sheriff, in January, 1881, gave a deed thereof to the defendant. In January, 1883, the defendant made a judicial settlement before the surrogate, of his accounts as executor of the will of Samuel Robinson, deceased, and on such settlement he accounted for the amount of the judgment held by him as such executor against the plaintiff herein. The plaintiff appeared on such settlement and received the amount adjudged therein to be his share."
In March, 1877, the plaintiff herein by deed conveyed his interest in said land to Robert Rae, and on the same day Rae conveyed the same to Maria A. Robinson, the wife of the plaintiff, and in March, 1884, she conveyed the same to the plaintiff.
In February, 1883, Mrs. Cressy sold and conveyed her interest in the land to the defendant, and in December, 1883, the defendant, claiming to own the entire premisés in fee, sold and conveyed the same to John G-elser for the sum of $2,000.
This action is brought by the plaintiff claiming that he is entitled to one-third of the proceeds of such sale, and that the defendant, who is sued in his individual capacity, and not as executor, should be required to pay the same.
The theory of the plaintiff, as indicated in the argument addressed to us in his behalf, is that by reason of the direction in the will that the land be converted into money, the distributees took their interest as money, and not as land, and the property is to be treated as personal from the time of the testator’s death; that consequently the judgments against the plaintiff created no lien upon his interest, and nothing passed by the sheriff’s deed to the defendant; that the intention of the testator, to be gathered from his will, was to give the executors the title to the real and personal estate to enable them to execute the trust reposed in them; that the defendant, being the trustee of the real estate, could not acquire a title to it, for his own benefit, as against the plaintiff; and that having sold and conveyed the land *668 in his own name, and not as executor, he is liable, individually, to the plaintiff for one-third of the proceeds.
We think the plaintiff’s claim can not be supported. .
We are of the opinion that the will did not give the executors an estate in the land, but the fee passed to the heirs at law of the testator, on his death, subject to the execution of the trust to manage the property for the benefit of the life tenants, and subject also to the power of sale. Plain words of gift, or necessary implication, are required to disinherit an heir at law. The trust to “manage and control” the property, and “use the net income” for the benefit of the beneficiaries named, was first given to the wife, so long as she was competent, and thereafter to the executors. Clearly, there was no intention to vest the fee in the wife, and the executors, on succeeding to the trust, were not intended to have any greater .interest by virtue of it, than was possessed by the wife. There are no words of devise to the executors to sell, but a mere naked power is given for that purpose. The land, therefore, descended to the heirs, subject to the execution of the trust and the power of sale.
It is time that the existence of an authority to convert real estate into money, impressed it with the character of personal property, so that courts of equity will, for many purposes, regard it as such, unless the parties in interest elect to take it as land and not as money. The law is settled that if money is directed by a will or other instrument, to be laid out in land, or land is directed to be turned into money, the party entitled to the beneficial interest may, in either case, if he elects to do so, prevent any conversion of the property from its present state, and hold it as it is. Craig v. Leslie, 3 Wheat., 563; 2 Story’s Eq. Jur., 119, § 193; Reed v. Underhill, 12 Barb., 113, and cases cited by Brown, J., 117.
We concur in the holding of the trial court that the conveyance by the plaintiff of his interest in the land to Eae, by deed, was an election on his part to waive a conversion of the land into money. It was competent for him to waive the conversion without the concurrence of the other heirs. Reed v. Underhill, supra. But, in fact, each of the other heirs also has conveyed. And if we are right in our conclusion that the fee vested in .the heirs .at the the death of the testator, subject to the execution of the trust and power of sale, it is of no materiality that the plaintiff’s conveyance of his interest preceded the death of James, one of the beneficiaries for life. In the case of Vincent v. Newhouse (83 N. Y., 505), cited by the plaintiff’s counsel, there was nó question of election; but the land having in fact been converted into money, as directed by the" will, it was held that the proceeds of the ponversion *669 did not vest until the time when the conversion was directed to take place.
The title to the land having vested at the death of the testator, the sheriff’s deed passed the interest of the plaintiff in the land to the defendant, and that fact furnishes a defense to the action.
We are also inclined to the opinion that the receipt by the plaintiff of his distributive share of the personal estate of the testator, which included the amount of the judgment against him made by the sale of his interest in the real estate, is to be regarded as a ratification by him of such sale, and an acknowledgement of its validity. That item was entered by the defendant herein in his account as executor before the surrogate. The plaintiff was present at that accounting, and, as he was interested in it, we are to presume, in the absence of proof to the contrary, that he knew that the item in question was embraced in the accounts, and went to make up the balance, in the distribution of which he was a participant.
The judgment should be affirmed, with costs.
All concur. So ordered.