TRACY COIT AND OTHERS, EXECUTORS, ETC., OF PENELOPE M. COIT, DECEASED, PLAINTIFFS, *v.* ROSEWELL G. ROLSTON AND ANOTHER, SURVIVING EXECUTORS, ETC., OF CORNELIA MINTURN, DECEASED, DEFENDANTS.

MARY M. COLLINS, PLAINTIFF, *v.* SAME.

*Legacies — when held to vest at the death of the testatrix under a direction to pay at a future time.*

A testatrix gave and bequeathed to her executors all the rest of her estate, both real and personal, to hold in trust to pay the entire net income thereof, semi-annually, to her brother during his natural life, "and on the death of my said brother John C. Minturn to pay to my cousin, Penelope Coit, widow, the sum of $5,000 ; to pay to my cousin, Niobe M. Abbott, the sum of $5,000." Then followed other bequests to other persons and corporations.

*Held,* that the legacies to Penelope Coit and Niobe M. Abbott vested in them at the time of the death of the testatrix, and that as they died during the life of John C. Minturn, their representatives were entitled to receive the legacies.

CONTROVERSIES submitted under section 1279 of the Code of Civil Procedure.

*Franklin Paddock*, for the plaintiffs, Tracy Coit, et al.

*Irving Paris*, for the plaintiffs, Mary M. Collins, et al.

*B. F. Lee*, for defendants.

BARTLETT, J.

The defendants, who are the surviving executors and trustees under the will of Cornelia Minturn, deceased, stand indifferent in this litigation, while the two sets of plaintiffs represent conflicting interests.

Both controversies can most conveniently be considered together.

Cornelia Minturn died on September 29, 1882, leaving a last will and testament in which, after making certain specific bequests, the testatrix provided as follows :

"*Eighth.* I give, devise and bequeath unto my said executors all the rest of my estate, both real and personal, of whatever kind or description and wheresoever situate, to hold the same together with the share in the estate of my father hereinbefore mentioned, *in trust* for the uses and purposes following, viz. : To pay the entire net income thereof semi-annually to my brother, John C. Minturn, during his natural life.

"And on the death of my said brother, John C. Minturn, to pay to my cousin, Penelope Coit (widow), the sum of five thousand ($5,000) dollars ; to pay to my cousin, Niobe M. Abbott, the sum of five thousand ($5,000) dollars."

There follow a number of similar bequests to other persons and to corporations, and then the eighth subdivision of the will continues :

"In case enough money shall not be realized by my said executors to enable them to pay in full the legacies mentioned in this eighth item of my will, I direct that all said legacies shall abate rateably in proportion to the respective amounts thereof.

" And if after paying all of said legacies in full, there shall be any residue in the hands of my executors, I direct them to pay such residue to such of the following nieces of mine as shall survive me, viz. : Mary M. Collins, Ellen Collins, Margaret Collins, Caroline M. Verdi, Rebecca M. Smith, Elizabeth Minturn, Mary Minturn and Mary O'Rourke, share and share alike."

Penelope Coit and Niobe M. Abbot died before John C. Minturn, who died on October 10, 1886.

The principal question presented for determination is whether the legacies to Penelope Coit and Niobe M. Abbott became vested upon the death of the testatrix, or were merely contingent, so that they lapsed by reason of the death of the legatees before the life tenant.

The residuary legatees, who are the plaintiffs in the Collins case, invoked the rule that where there is no gift but by a direction to executors or trustees to pay or divide upon the happening of an event at a future time, the legacy will not vest until then ( *Warner* v. *Durant*, 76 N. Y., 133). This rule, however, is not without qualifications. " It applies only," says Judge FINCH in *Smith* v. *Edwards* (88 N. Y., 92, 105), " where beyond the direction for future distribution, there are no words and no provisions which import a present or vested gift, or indicate such an intent. It does not control where the language of the will, while not expressly saying 'I give and bequeath' does yet plainly import a present gift intended to vest immediately without reference to the clause of distribution." And the rule is subject to the still further limitation that although there be no other gift than is indicated by the direction to pay or distribute in the future, yet if the enjoyment of the gift is postponed to accommodate the estate or to enable it to meet any other burden first imposed upon it, this is regarded as a decisive circumstance in favor of the immediate vesting of the legacy. The illustration given by Mr. Jarman on this point has received the approval of courts of the highest authority. " If land be devised to A for life, remainder to B in fee, charged with a legacy to C, payable at the death of A, the legacy will vest *instanter*, and, consequently if C die before the day of payment, his representatives will be entitled; the raising of the money being evidently deferred until the decease of A in order that he may in the meantime enjoy the land free from the burthen." (1 Jar. on Wills, 5th Am. ed., 835.) And in *Packham* v. *Gregory* (4 Hare, 396), the doctrine on this subject is stated to be that if upon the whole will it appears that the future gift is only postponed to let in some other interest, or as the court has commonly expressed it, for the benefit of the estate, the interest is vested notwithstanding the enjoyment is postponed. This rule was applied, and this decision of Vice-Chancellor WIGRAM was cited

with approval, by the Court of Appeals in *Loder* v. *Hatfield* ( 71 N. Y., 92, 100). Applying it to the will now under consideration, we find that the gifts to Penelope M. Coit and Niobe M. Abbott involved no condition, or contingency, or uncertainty as to who should take; that the testatrix manifested no intention that futurity should attach to the substance of the gifts; and that the gifts were evidently postponed in payment solely in order that John C. Minturn might enjoy a life estate in the property from which they were to be derived. This was " for the benefit of the estate " within the meaning of the authorities, and the legacies were therefore vested.

In behalf of the residuary legatees, it is insisted that the legacies could not vest until the death of John C. Minturn, because the testatrix left the estate, real and personal, to her executors to *hold*, and pay him the net income thereof during his life, and on his death to pay the several legacies out of money to be *realized* by such executors. The argument is that the fund out of which the legacies were to be paid was not come into existence until the decease of the life tenant. There would be force in this contention if the property from which the legacies were to proceed was real estate, as in the leading cases cited by the residuary legatees on this point. ( *Vincent* v. *Newhouse*, 83 N. Y., 505 ; *Delaney* v. *McCormack*, 88 id., 174 ; and *Shipman* v. *Rollins*, 98 id., 311.) Here, however, according to the will, the estate of the testatrix was both personal and real, and there is nothing to show that the personalty has not always been amply sufficient to pay the legacies whenever they should be payable. The presumption is that it has always been sufficient, if any presumption is to be indulged in on the subject, and is necessary to sustain the conclusion that the legacies are vested ; for the courts strongly incline to adopt that view which favors vesting, if they can do so without disregarding the plain provisions of the will. (See *Smith* v. *Edwards*, 88 N. Y., 92, 109.)

There must be judgment for the plaintiffs in the Coit suit and for the defendants in the Collins suit.

BRADY and DANIELS, J. J., concurred.

Judgment for plaintiff in the Coit suit and for the defendant in the Collins suit.