NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1887.

MATTER OF BAKER.

*In the matter of the estate of* LEWIS BAKER, *deceased.*

The existence of a trust provision, in a testator's will, made to secure the dower right of one therein referred to as his wife, establishes the marital character, in the absence of opposing evidence, of one identified as the person intended, for the purpose of the protection of her rights in a Surrogate's court.

The rule whereby a testamentary direction for the payment of interest or income of a fund, to one to whom the principal is directed to be paid or is given at a future time, is held indicative of an intent to vest the legacy, applies exclusively to cases in which the *entire* interest or income is so devoted.

Testator by his will, gave certain real property to a trustee, with directions to pay, out of the rents, an annuity and the dower right of his wife, and what remained, during the lifetime of the annuitant and wife, to his heirs at law, and, after the death of the life beneficiaries, to sell the property and pay the proceeds to his heirs at law. The trustee having died, the heir, before a successor was appointed, collected the rents, appropriated the same to his own use, omitted to pay the amounts due to the widow, and died. Upon the settlement of the account of the trustee's successor,—

*Held,* that the widow's claim, arising out of such appropriation was not against the trust estate, and, if disputed by the heir's representatives, was enforceable only in another tribunal.

JUDICIAL settlement of account of testamentary trustee. The facts appear sufficiently in the opinion.

M. J. O'BRIEN, *for trustee.*

B. SKAATS, *for widow.*

P. D. PENFIELD, *for Margaret Rogers.*

THE SURROGATE.—By one of the provisions of his last will and testament, this testator gave to his executors and trustees a certain lot of land and the house thereon, with directions to collect the rent arising therefrom and to dispose of the same as follows:

"*First.* To pay to my wife's sister, Maggie Rogers, the sum of $500 annually, during her natural life. . . . *Second.* The remaining rents and profits (after they," *i. e.,* the executors and trustees, "shall have paid the dower right of my wife in said house). . . . . to pay unto my heirs at law during the lifetime of my said wife and the said Maggie Rogers. . . . . After the

death of my said wife and the said Maggie Rogers, I order, authorize and direct my executors and trustees to sell my said house and lot . . . . . and after such sale to pay the net proceeds of the same unto my heirs at law."

The testator died in 1878. James Murphy, who was named in his will as one of the executors and trustees of his estate, qualified as such, and duly performed the duties of that office until his death, in August, 1880. Over three years elapsed before the trust estate was put in the hands of Murphy's successor, who is accounting in the present proceeding. During that period, William Baker, who was, at the testator's death his sole surviving next of kin and heir at law, had collected the rents of the trust property, and had appropriated the greater part thereof to his own use. He had satisfied, from time to time, the claim of the annuitant, but had failed to pay the taxes and other charges, and had almost entirely ignored the claim of the beneficiary described by the testator as his wife. The trustee here accounting entered upon the duties of his office in November, 1883. Between that date and June 1885, he paid to William Baker, on account of his interest as legatee under this testator's will, divers sums of money, amounting in all to $961. William Baker died in September, 1885, and, for discharging his funeral expenses, the trustee paid to his widow the sum of $100. A referee, to whom the trustee's account and the objections thereto were lately submitted, has held that the trustee must be disallowed credit for these advances, for the reason that, at the time they were

made, there were other obligations of the estate that were entitled in priority to be discharged.

Several questions not submitted to the determination of the referee are now presented for decision:

1. The first of these questions concerns the status of the contestant Mrs. Conklin—her claim to be the testator's widow, and to be entitled as such to dower in the real property that is the subject of the trust to which this controversy relates. Mrs. Conklin is a sister of the Maggie Rogers mentioned in the will, and is admittedly the person referred to by the testator as his wife. The trust provision, as heretofore quoted, contains a distinct recognition of her dower right; this recognition raises of itself a presumption of her wifehood, and is, in the absence of opposing evidence, sufficient to establish it for the purposes of this proceeding. Besides, it has been still further established by the Supreme Court judgment, to which reference is made in the papers before me.

2 William Baker having wrongfully collected and applied to his own use certain income of this estate that was justly applicable to the satisfaction of the dower interest of the widow, the question arises whether, in the present proceeding, her loss can be to any extent repaired. It does not clearly appear whether the amount of the income received by this accounting trustee, down to the date of the death of William Baker, was or was not in excess of the claims of the testator's widow and his widow's sister for that period, plus the amount of the charges to which the estate was subject. In the event, however, that such shall be found to be the case, can the surplus be

appropriated to supply the loss which the testator's widow has sustained by William Baker's misconduct? I am disposed to think that this court lacks the authority to direct such an appropriation, unless it is consented to by William Baker's representatives. The widow's claim, for such share as she was entitled to receive in the income of this trust for the years when William Baker collected and appropriated the rents, is not a claim against the trust estate. It is, rather, a claim against the estate of William Baker, and, if it is disputed, the claimant must resort to some other tribunal for its enforcement. Pending the commencement of proceedings to that end, the trustee may properly be directed to retain in his hands any sums that would now, but for William Baker's misconduct, be payable to his representatives.

3. Should the income that has accrued since William Baker's death be treated as a part of his estate, and be disposed of accordingly, in the manner indicated with respect to the surplus above considered, or are William Baker's children entitled thereto under the will?

The testator, after providing for his wife and her sister, gives the residue of the income of the trust estate to his "heirs at law" during the lives of the widow and sister and directs the house and lot to be sold after their death and the proceeds to be paid to his "heirs at law." Because of this direction to convert the property at the expiration of the trust and to distribute the preceeds, the *corpus* of the estate must be treated, for the purposes of the present inquiry, as personal property (Teed v. Morton, 60 *N. Y.*,

502, 506; Vincent v. Newhouse, 83 *N. Y.*, 505, 511; Shipman v. Rollins, 98 *N. Y.*, 311, 326). It is only those persons who answer the description of heirs at law of the decedent at the time appointed for the conversion, who are entitled to share in the distribution; until then the parties entitled cannot be ascertained. The legacy is in its character contingent (Jones v. Sunday School, 4 *Dem.*, 272; Warner v. Durant, 76 *N. Y.*, 133, 136; Smith v. Edwards, 88 *N. Y.*, 92, 105; Delaney v. McCormack, *id.*, 174; Vincent v. Newhouse, *supra;* Shipman v. Rollins, *supra;* Delafield v. Shipman, 103 *N. Y.*, 463).

It is true, that the testator directs payment of a portion of the rents to the person who was his heir at law at his death; but, to work out the application of the rule that a testamentary direction for the payment of the interest or income of a fund to one to whom the fund is directed to be paid or is given at a future time is indicative of the intent of the testator to vest the legacy, the interest or income so given should be the *entire* interest or income produced by the fund and not a part thereof as in the case at bar (Warner v. Durant, *supra;* Smith v. Edwards, *supra;* Delafield v. Shipman, *supra*).

I hold that William Baker did not acquire, at this decedent's death, a vested remainder in the *corpus* of the trust estate. This conclusion seems to be in harmony with the actual intention of the testator, as disclosed by his will. The circumstance, that he refrained from designating his brother William as the person to enjoy the surplus income during the lives of the other two beneficiaries, and the proceeds of the disposition

of the trust property thereafter, is one of much signi-ficance. To my mind, it is indicative of his purpose that the principal of the trust should be ultimately enjoyed by such person or persons as should answer to the description of his heir at law or heirs at law at the time designated for the final division and distribution of the estate, and of his further purpose that the income meanwhile should go to such persons as, from time to time, during the existence of the trust should be his heirs at law. It follows, therefore, that, since the decease of William Baker, the infants appearing here-in have been entitled to the net income of the trust, in excess of the amount necessary for satisfying the provisions for the benefit of the testator's widow and her sister.

There must be an inquiry as to the extent of the rents received and appropriated by William Baker, in case it shall be ascertained that the trustee holds any balance in his favor or in favor of the estate. In the absence of better evidence, the amount of his monthly collections may be approximately arrived at by taking the average monthly rents received by the deceased trustee and by the trustee now accounting. I have ascertained such average to be $200.

The action of the trustee, with reference to the arrears of annuity and income owing to the testator's widow and her sister, not being of a nature to justify his being charged personally with interest upon such arrears, the parties entitled to such arrears are, as against the trust fund, entitled to recover only such interest thereon as the moneys applicable to their payment have actually yielded (Martyn v. Blake, 3

*Dr. & War.*, 125; Taylor v. Taylor, 8 *Hare*, 120, 126; Torre v. Browne, 5 *H. L. C.*, 555; Booth v. Coulton, 2 *Giff.*, 514; Lainson v. Lainson, 18 *Beav.*, 7; Booth v. Leycester, 3 *Myl. & Cr.*, 459; Isenhart v. Brown, 2 *Edw. Ch.*, 340, 347; Blauvelt v. De-Noyelles, 25 *Hun*, 590).

Of course, any balance that may be found in favor of William Baker can be made available for the satisfaction of interest on the arrears of the widow's income in precisely the same manner as I have above indicated with respect to the satisfaction of such arrears themselves. Before the application of such income for either of these purposes, however, any arrears of taxes or any like charges, incurred during the lifetime of William Baker, must be discharged.