## In re HEDGER'S ESTATE.

(*Surrogate's Court, Cayuga County.* July 13, 1889.)

1. WILLS—LEGACIES—PERIOD OF VESTING.

Testator, after giving the use of his personalty and realty to his wife for life, gave two pecuniary legacies, and devised all of his real and personal estate, except the legacies, to certain of his children and grandchildren, naming them, to be divided equally between them, share and share alike. "Such devises and bequests are to take effect, and such division of my estate is to be had, after the decease of my said wife." He also authorized his executors, after the death of his wife, to sell his real estate, and divide the proceeds as above directed. *Held*, that the interests of all the legatees and devisees vested at the death of the testator, subject to the life-estate in the widow, and the power of sale in the executor, and none of them lapsed by the death of the legatee or devisee during the life of the widow.

2. SAME—CHARGES ON REAL ESTATE.

The facts that the testator left very little personalty, and must have understood that it was liable to be consumed in the payment of debts and funeral expenses, and in the use thereof by his wife, require the pecuniary legacies to be charged on the land.

In the matter of the judicial settlement of the accounts of John S. Ogilsbie and Augustus W. Spinning, surviving executors of William Hedger, deceased.

*Taber & Brainard*, for the executors.    *Vandenberg & Saxton*, for Harriet Hamilton.    *Fred E. Storke*, special guardian, for the infant children of Charles H. Hedger, deceased.

TELLER, S.    Questions have arisen upon this accounting as to the ownership of proceeds of real estate which was sold by the executors.    The determination of these questions involves a construction of the will of the decedent, dated September 1, 1873, and admitted to probate in this court on the 25th day of November, 1873.    The important clauses of the will are the following: "*Second.* After the decease of my said wife, and at the time of the division of my property, as hereinafter mentioned, I give and bequeath to my grandson Truman A. Hedger, of the state of Michigan, the sum of three hundred dollars.    *Third.* At the time of the division of my estate as aforesaid I give and bequeath to my son Charles H. Hedger the sum of one hundred dollars, he having already had during my life-time his proper share of my estate within this amount.    *Fourth.* I give, devise, and bequeath all of my real and personal estate of every kind and nature soever and wherever situated, except the above bequests to my grandson Truman A. Hedger and my son Charles H. Hedger, to my sons Thomas D. Hedger, William A. Hedger, my daughters Harriet Cogswell, widow of Oscar Cogswell, Mary Bently, widow of Stephen L. Bently, and Margaret Maul, wife of George H. Maul, and my grandson William O. Cogswell, to be divided equally between them, share and share alike.    Such devises and bequests are to take effect, and such division of my estate is to be had, after the decease of my said wife, Jerusha Ann Hedger.    *Fifth.* I hereby authorize and empower my executors, hereinafter named, to sell and convey my real estate, after the death of my said wife, as aforesaid, and to give, execute, and deliver good and sufficient deed or deeds of conveyance therefor, dividing the proceeds thereof as above directed, together with the proceeds of my personal property."    In the first clause of the will the use of the real and personal property is given to the testator's widow for life, with the direction that the homestead remain the home of the family during her life-time.    She died May 27, 1888.    Harriet Cogswell, named in the will, has since its probate married David R. Hamilton, and is the contestant in this proceeding.    William O. Cogswell, who was her son, died in 1879, intestate, leaving no wife or child.    Charles H. Hedger died in 1882, leaving a widow and three children.    Thomas D. Hedger, a son of the testator, died after the death of his father, and before the decease of his mother.    The personal prop-

erty left by the testator was in part used to pay debts and funeral expenses, and the balance was consumed by the widow. Nothing but the proceeds of the real estate came to the hands of the surviving executors, whose accounts are now presented for settlement.

It is claimed by the contestant that the legacies or devises given by the fourth clause of the will vested upon the death of the testator; while the executors contend that they did not vest until the death of the testator's widow; and, in consequence, that the shares of the persons who died in the interval have lapsed. The executors also claim that the legacies given in the second and third clauses of the will were liens upon the real estate of which the testator died seised. The legacies of Truman A. Hedger and Charles H. Hedger, in the second and third clauses of the will, are directed to be paid after the decease of the testator's wife, and at the time of the division of his estate. The reason that Charles is to receive only $100 is stated in the will to be that he had already had his proper share of the estate, except that amount. In referring to the division of the estate, the testator treats his real and personal property alike. The disposition of the remainder of the property is made without distinction between the real and personal; and, for the purpose of a division, a power of sale of the real estate is given the executors. These legacies are excepted from the general remainder, indicating that it was intended they should be paid before the division of the residue of the real and personal property. No devise of real estate is made, except as a part of the residuum. The personal property left by the decedent was small in amount, and it must have been understood by him that the personalty was liable to be consumed in the payment of the debts and funeral expenses, and in the use thereof by his wife. The facts make a case requiring the real estate to be charged with these legacies. *Briggs* v. *Carroll,* 3 N. Y. Supp. 686; *McCorn* v. *McCorn,* 100 N. Y. 511, 3 N. E. Rep. 480; *Scott* v. *Stebbins,* 91 N. Y. 605; *Hoyt* v. *Hoyt,* 85 N. Y. 142; *Brill* v. *Wright,* 112 N. Y. 129, 19 N. E. Rep. 628.

A contention arises as to the time of the vesting of the legacies and devises contained in the second, third, and fourth clauses of the will. There being no personal property applicable to the legacies, they may be treated as payable exclusively from the avails of the real estate. By the fifth clause of the will the executors are directed to sell the real estate after the death of the testator's wife, and to divide the proceeds as directed. From this provision, and the direction that such devises and bequests are to take effect and such division be had after the decease of said wife, contained in the fourth clause of the will, the counsel for the executors urged that the legacies and devises contained in the second, third, and fourth clauses of the will did not vest until after the death of the widow, and that, Thomas D. Hedger, William O. Cogswell, and Charles H. Hedger having died intermediate the death of the testator and his widow, the legacies or devises to them lapsed. The rule upon which this view of the case is based is that, where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives. The case of *Warner* v. *Durant,* 76 N. Y. 136, is cited as an authority. The case of *Vincent* v. *Newhouse,* 83 N. Y. 505, is also cited as sustaining the position that, where an executor is empowered to sell lands and divide the proceeds, the interests of the legatees do not vest until the time of the division. The court in that case quotes the language of the master of the rolls in *Hoghton* v. *Whitgreave,* 1 Jac. & W. 146, which is: "Not only was there no bequest before the widow's death, but the subject-matter did not till then exist in the shape and form in which it is given." This authority has been frequently quoted by our highest court, without explanation. As the proposition referred to, if taken in the abstract, is misleading, it may be useful to call attention to some of these cases in connection with other decisions of the same court, bearing upon the question under consideration. The case of *Hoghton* v. *Whitgreave* was one

in which there was a gift of real and personal property, after a life-interest to the testator's widow, to trustees, to be converted into money, and divided among several persons named, and the survivors or survivor of them. The question involved was as to what time the survivorship related. The master of the rolls said: "Not only was there no bequest before the widow's death, but the subject-matter did not till then exist, in the shape and form in which it is given. It is given to those persons and the survivors or survivor of them, and seems to fall under the general rule that legacies given to a class of persons vest in those who are capable of taking at the time of distribution. Here he mentions them *nominatim*, but he then takes off the effect of that by adding the words ' and to the survivors or survivor.' He cannot mean to the survivors in his own life-time, * * * for the governing clause * * * refers to the death of his wife as the period when it is to operate." The case of *Brograve* v. *Winder*, 2 Ves. Jr. 634, is similar in principle, holding that, where the product of the sale of real estate is to be divided after a life-estate among certain persons or their survivors, the interests thus given do not vest until the time appointed for the division. The case of *Vincent* v. *Newhouse*, *supra*, was one in which the testator gave his wife certain lands for life, and directed that at her death the lands should be sold by the executor, and the proceeds be equally divided between his daughters who were living and the heirs of his deceased sons and daughters, share and share alike, and, if either of the heirs above mentioned and intended should die after the date of the will, and before said sums were paid them, the share of the one so dying without issue shall be equally divided among the other heirs above named. The will thus presents the case of a bequest of the proceeds of real estate to certain persons, or, in the case of the death of some of them, in the contingency of there being no issue, to their survivors. In *Warner* v. *Durant* it was held that certain legacies vested at the time of the death of the testator, for the reason that it appeared to be the intention that the gifts should be severed *instanter* from the general estate. The testator had given moneys to his executors to keep and invest, and pay the income for five years, and at the end of that time to pay the principal in certain portions to certain relatives. The court holds that the severing of the gift for the benefit of the legatee, and in the mean time the payment of the interest to be made to him, is indicative of the intent of the testator that the legatee shall in all events have the principal, and is to wait only for payment until the day fixed for distribution; for, as the court says, it a general principle that, where the gift is absolute, and the time of payment only postponed, time, not being of the substance of the gift, but relating only to the payment, does not suspend the gift, but merely defers the payment. The case of *Vanderpoel* v. *Loew*, 112 N. Y. 181, 19 N. E. Rep. 481, is similar in principle. In the case of *Delaney* v. *Cormack*, 88 N. Y. 183, it is said, as in *Warner* v. *Durant*, that in a case where there is no gift or language imposing such gift, except in the direction to convert real estate into money, and then make distribution, the rule is settled that time is annexed to the substance of the gift, and the vesting is postponed. In that case a future condition or contingency attached to the substance of the gift. In *Smith* v. *Edwards*, 88 N. Y. 92, it is said that, where the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift. But the court, in commenting upon the cases holding this doctrine, says they were instances in which the gift was conditioned upon an event to be determined in the future, and in such cases, until the happening of the future event, it must necessarily remain uncertain whether a gift would exist at all, and that could not be said to have vested which was not certainly given. In *Shipman* v. *Rollins*, 98 N. Y. 327, the broad rule that "where there is no gift, but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the ben-

eficiary will not take place until that time arrives," is quoted from the opinion in *Warner* v. *Durant*, as being applicable to the case in hand; but in that case the gifts over after a life-estate were in part to certain religious associations, to be incorporated in the future, which fact it appears the testator knew.

There are numerous cases of legacies to certain persons or their survivors or to classes of persons in which an uncertainty existed as to whether the giver had in view a survivorship or class of persons in being at the time of his death or at the time of the division of his property, or where a condition precedent has been attached to a gift, in which the principle here invoked has been resorted to. I am not able to find any case in which the rule laid down in *Warner* v. *Durant* has been applied where the gift of property, after an intermediate estate, has been conditional and certain as to the objects of the bounty, and directly ascertainable as to quantity; whereas the supreme court and the court of last resort in this state have held that, where the intention of the testator is definite as to the beneficiaries under a will, and as to their shares of the property, a gift by a direction to executors to divide at a future time will vest in the beneficiary before the time of division arrives. *Williams* v. *Conrad*, 30 Barb. 524; *Ross* v. *Roberts*, 2 Hun, 90. The last-named case was affirmed by the court of appeals. 63 N. Y. 652. Here a power of sale was given executors, to be executed upon the death of the testator's wife, when the proceeds were to be divided among his legatees. It was held that the husband of the legatee, who died after the testator and before the widow, was entitled, on the death of the widow, to the legacy bequeathed to his wife, for the reason that the legacies became vested interests upon the death of the testator. This case is parallel with the case at bar, except for the expression in the latter, "such devises and bequests are to take effect, and such division of my estate is to be had, after the decease of my said wife;" and the question arises whether the testator intended anything more by the words "to take effect" than that the legacies were to be paid at that time. Unless the intention is unequivocally expressed to the contrary, it is the duty of the court to so interpret the expressions in a will as to favor the vesting of estates, rather than the opposite. The legatees and devisees who would have had an immediate right to the possession of the property upon the ceasing of the precedent estate were all in being, and their shares ascertainable, at the time of the testator's death; consequently their interests were vested. *Moore* v. *Littel*, 41 N. Y. 76; *Hennessy* v. *Patterson*, 85 N. Y. 91. It was held by Surrogate BRADFORD, in the case of *Van Wyck* v. *Bloodgood*, 1 Bradf. Sur. 154, that the point which determines the vesting or lapsing of a legacy given in future is not whether time is annexed to the gift, but whether time is annexed to the substance of the gift. The mere circumstance that the gift is future does not make time of the substance of a gift. That is to be determined from the intention of the testator, as gathered from the whole will. By the substance of a gift is meant its comprehensive summary. To say that time is of the substance of the gift is to say that the gift shall not be effectual unless the legatee shall be living, or some other condition precedent be fulfilled at the time indicated. The postponing of the possession of a legacy imposes no condition as to its vesting. If futurity is annexed to the substance of the gift, the vesting is suspended, but, if it appear to relate to the time of payment only, the legacy vests *instanter*. *Gilman* v. *Reddington*, 24 N. Y. 9. In the case of *Everitt* v. *Everitt*, 29 N. Y. 75, Chief Justice DENIO, in making the foregoing citation, says: "The leading inquiry upon which the question of vesting or not vesting turns is whether the gift is immediate, and the time of payment or of enjoyment only postponed, or is future and contingent, depending upon the beneficiary arriving of age, or surviving some other person, or the like." In the case at bar the testator has given his property to his children and grandchildren, *nominatim*, in shares which are ascertainable from the terms of the will; and I think it was his intention that their in-

terests in the property should vest upon his death, subject to the life-estate of his wife, and a power in trust in the executors to sell and divide the property. It follows that none of the shares of the children lapsed by the death of any of them, subsequent to the death of the testator. The legacies to the children who have died should be paid to their legal representatives. A decree will be entered accordingly.