MARY PAGET et al., as Trustees, Respondents and Appellants, v. ELLEN S. MELCHER et al., Appellants and Respondents.

1. GRANT OF REAL PROPERTY — CONTINGENT REMAINDER.   A remainder in fee over to the children, or to the issue of deceased children, of the grantor, *held* to have been contingent, so that no interest in the property passed by the will of a child who died before the termination of the precedent estate, where the grant provided that in default of issue of the grantor living at the termination of the precedent estate the property should go to his heirs at law.

2. WILL — PERSONAL PROPERTY — CONTINGENT INTEREST.   A bequest over of specific personal property to the children, or to the descendants of deceased children, of the testator, *held* not to have been vested so that any interest in the property passed by the will of a child who died before the death of the precedent life legatee, where the principal will provided that if no descendants of the testator survived the life legatee the property should belong to the residuary legatees.

*Paget* v. *Melcher*, 26 App. Div. 12, reversed.

(Argued June 7, 1898; decided June 21, 1898.)

CROSS-APPEALS, by certification, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 11, 1898, modifying an interlocutory judgment entered upon a decision of the Special Term.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Flamen B. Candler* for Mary Paget and William Jay, as administrators, etc. When the deed of trust, duly executed, was delivered to the trustee, then Henry Leiden Stevens, the only son of the grantor, Paran Stevens, became seized of a vested remainder in fee in an undivided one-third of the Fifth avenue and Twenty-eighth street properties, which interest was descendible, devisable and alienable. (*Livingston* v. *Greene*, 52 N. Y. 118; *Nelson* v. *Russell*, 135 N. Y. 137; *Campbell* v. *Stokes*, 142 N. Y. 23; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Miller* v. *Gilbert*, 144 N. Y. 68; *Matter of Young*, 145 N. Y. 535; *Karstens* v. *Karstens*, 20 Misc. Rep. 247; *Ackerman* v. *Gorton*, 67 N. Y. 63; *Stokes* v. *Weston*, 142 N. Y. 433; *Embury* v. *Sheldon*, 68 N. Y. 227.) The cases relied on by the Appellate Division and by the counsel for Mrs. Melcher do not support the decision that the gift of the real property under the deed of trust was to a class to be ascertained as of the date of the death of Marietta Stevens, the surviving life beneficiary, and that the remainder to her son, Henry Leiden Stevens, was contingent on his surviving his mother. (*Matter of Brown*, 154 N. Y. 313.) Applying the rules of construction above mentioned to the will of Paran Stevens, deceased, it is manifest that, pursuant to the provisions of the 3d and 4th clauses thereof, his only son, Henry Leiden Stevens, upon the death of the testator, became seized of a vested estate in remainder to the extent of one-third in the personal property mentioned in these clauses, subject only to the use thereof by his mother, the widow, Marietta R. Stevens, for her life, and that his interest therein was not defeated by his death before her decease, but it was descendible, devisable and alienable, and consequently passed under his will. (1 R. S. 673; *Grout* v. *Townsend*, 2 Den. 338; *Skey* v. *Barnes*, 3 Meriv. Ch. 340.)

*Wheeler H. Peckham* for Union Trust Company, as executor and trustee. The first question should be answered in the affirmative. (1 R. S. 723, § 13.)

*George Hoadly* and *Ferdinand R. Minrath* for Mary Paget et al., plaintiffs and appellants.    Under the provisions of the deed from Stevens to Stevens, one-third of the remainder of the property conveyed at once became vested in each of the three children of Paran Stevens, and as Henry Leiden Stevens did not die leaving issue, and as Paran Stevens did not subsequently die without issue (the only contingencies provided for in the deed), the undivided one-third of said property thus vested in Henry Leiden Stevens was not divested by his death before the death of the life tenant, Marietta R. Stevens, but passed under the will of said Henry Leiden Stevens. (*Livingston* v. *Greene*, 52 N. Y. 118; *Corse* v. *Chapman*, 153 N. Y. 466; *Campbell* v. *Stokes*, 142 N. Y. 23; *Moore* v. *Appleby*, 108 N. Y. 237.) The remainder is contingent only when, by the terms of the instrument creating it, the time of vesting as well as of possession is clearly postponed to some future period, or in the absence of such an express postponement of vesting, where the remainder is dependent upon the occurrence of some uncertain event. All other remainders are vested. ( *Moore* v. *Little*, 41 N. Y. 66; *House* v. *Jackson*, 50 N. Y. 161; *Chinn* v. *Keith*, 4 T. & C. 126; *Minot* v. *Minot*, 17 App. Div. 521; *Warner* v. *Durant*, 76 N. Y. 133; *Hennessy* v. *Patterson*, 85 N. Y. 91; *Delafield* v. *Shipman*, 103 N. Y. 463; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Nelson* v. *Russell*, 135 N. Y. 137; *Stokes* v. *Weston*, 142 N. Y. 433, 437; *Mead* v. *Maben*, 131 N. Y. 255.) The intention of the testator, or the grantor, is the controlling element. (4 Kent's Com. 203; *Corse* v. *Chapman*, 153 N. Y. 466; *Nelson* v. *Russell*, 135 N. Y. 137; *Stokes* v. *Weston*, 142 N. Y. 433; *Campbell* v. *Stokes*, 142 N. Y. 23; *Freeman* v. *Coit*, 96 N. Y. 63.) Where there is a direction to divide in the future, yet, if the payment or distributions appear to be postponed for the convenience of the fund (so as to let in some life estate) and not on account of any prescribed incapacity of the remaindermen to take (such as not having attained majority, where the grant is on reaching majority, etc.), the ulterior legatees will take a vested remainder, whether it be to a class or to individuals. (1 Jar-

man on Wills, 840 ; 2 Williams on Ex. *1108 ; *Packham* v. *Gregory*, 4 Hare, 396 ; *Sweet* v. *Chase*, 2 N. Y. 73, 80 ; *Loder* v. *Hatfield*, 71 N. Y. 92, 100 ; *Robert* v. *Corning*, 89 N. Y. 225, 240 ; *Bushnell* v. *Carpenter*, 92 N. Y. 273 ; *Matter of Young*, 145 N. Y. 535, 539, 540.) The rules governing the construction of wills apply with equal force to deeds, except that a deed takes effect on delivery, while a will takes effect on the death of the testator. (*Brink* v. *Michael*, 31 Penn. St. 165; *Earl of Sussex* v. *Temple*, 1 Ld. Raym. 310; *Heron* v. *Stokes*, 2 Dr. & War. 89 ; *Lawrence* v. *Maggs*, 1 Ed. 453 ; *Fletcher* v. *Fletcher*, 9 H. L. [Irish] 301 ; *Vanderzee* v. *Acton*, 4 Ves. 771 ; *Gordon* v. *Levi*, Amb. 364 ; *Nayler* v. *Wehterell*, 4 Sim. 114.) The opinion of the Appellate Division is erroneous in practically assuming that because the deed contains no direct grant to the remaindermen, but only a direction to convey upon the death, there was no vesting. (*Campbell* v. *Stokes*, 142 N. Y. 23 ; *Ackerman* v. *Gorton*, 67 N. Y. 63 ; *Goebel* v. *Wolf*, 113 N. Y. 405 ; *Matter of Young*, 145 N. Y. 535 ; *Hersee* v. *Simpson*, 154 N. Y. 496 ; *Moore* v. *Appleby*, 108 N. Y. 237.)

*John A. Lane*, guardian *ad litem.* Henry Leiden Stevens, under the trust deed of Paran Stevens, had a vested estate in the real estate conveyed. (*Matter of Embree*, 9 App. Div. 602; 154 N. Y. 778.)

*George Zabriskie* for Ellen S. Melcher, defendant. The judgment of the Appellate Division upon the construction of the trust deed was right. (2 R. S. 729, §§ 60–62 ; *Townshend* v. *Frommer*, 125 N. Y. 446 ; *Matter of Baer*, 147 N. Y. 348, 353, 354 ; *Goebel* v. *Wolf*, 113 N. Y. 405 ; *Delafield* v. *Shipman*, 103 N. Y. 463 ; *Warner* v. *Durant*, 76 N. Y. 133 ; *Smith* v. *Edwards*, 88 N. Y. 92 ; *Quinn* v. *Hardenbrook*, 54 N. Y. 83 ; *Wood* v. *Mitcham*, 92 N. Y. 375 ; *Knowlton* v. *Atkins*, 134 N. Y. 313, 321.) The judgment of the Appellate Division upon the construction of the will was wrong, and the

judgment at Special Term was right. (*Drake* v. *Pell,* 3 Edw. Ch. 251; *Matter of Crawford,* 113 N. Y. 366; *Palmer* v. *Dunham,* 125 N. Y. 68, 74.) The intention of the testator, as disclosed by the whole scope of his will, can be carried into effect by the application of well-settled principles of construction, either by regarding the gift of the remainder to the children as vesting in them in severalty upon the death of the testator, but defeasible in the event of death before the widow in favor of surviving issue, if any, and with the implication of cross-limitations in default of issue in favor of such of the testator's children as survived the life estate given to the widow, or by regarding the gift over to the children as a gift to a class to be ascertained upon the death of the widow, and, therefore, contingent upon survivorship of her. (*Goodwin* v. *Coddington,* 154 N. Y. 283; *McGillis* v. *McGillis,* 154 N. Y. 532; *Mead* v. *Maben,* 131 N. Y. 255; *Roe* v. *Vingut,* 117 N. Y. 204; *Britton* v. *Thornton,* 112 U. S. 526; *Vanderzee* v. *Slingerland,* 103 N. Y. 54; *Matter of Vowers,* 113 N. Y. 569; *Lytle* v. *Beveridge,* 58 N. Y. 592; *Phillips* v. *Davies,* 92 N. Y. 199; *Masterson* v. *Townshend,* 123 N. Y. 458; *Starr* v. *Starr,* 132 N. Y. 154; *Matter of Moore,* 152 N. Y. 602; *Durfee* v. *Pomeroy,* 154 N. Y. 583; *Pond* v. *Bergh,* 10 Paige, 141; *Scott* v. *Bargeman,* 2 P. Wms. 69; *Mackell* v. *Winter,* 3 Ves. 536; *Beauman* v. *Stock,* 2 Ball & B. 406; *Matter of Ridge's Trusts,* L. R. [7 Ch.] 665.)

HAIGHT, J. This action was brought for the partition of real property and for a division of certain personal property which Paran Stevens had bequeathed to his wife for life.

With reference to the real estate sought to be partitioned, it appears that it was conveyed on the 29th day of April, 1863, by Paran Stevens to Charles G. Stevens, upon the trust, however, that Charles was to receive the rents and profits, and, after paying the taxes and repairs, "to pay over the balance to Marietta Stevens, wife of the said Paran Stevens, during her life, * * * and upon the death of the said Marietta Stevens, during the life of the said Paran Stevens, to pay over·

the balance of income thereof to the said Paran during his life, and upon the death of the survivor of said Paran Stevens and Marietta Stevens, to convey the said lands and premises to the children of said Paran Stevens in fee, the issue of any child of said Paran who shall have died leaving issue living at the death of the survivor of the said Paran and Marietta, to take the same share that the parent would, if living, and in default of issue of the said Paran living at the time of decease of the survivor of the said Paran and Marietta, then to convey the same to the heirs at law of the said Paran Stevens."

Paran Stevens died on the 25th day of April, 1872, leaving him surviving his widow, Marietta Stevens, and three children, Ellen S. Melcher, the wife of John L. Melcher, Mary Fiske Stevens, who afterward intermarried with Arthur H. F. Paget, and is known in this action as Mary Paget, and Henry Leiden Stevens, who died on the 18th day of July, 1885, unmarried and leaving no issue, but leaving a last will and testament in which he disposed of all his real and personal estate. Marietta Stevens departed this life on the 3d day of April, 1895.

The first question presented for our determination is as follows: "Upon the death of the widow, (Marietta Stevens) did the devisees of the son (Henry Leiden Stevens) take an undivided third part of the said real property?" In answering this question we shall not attempt an extended review of the authorities. Very much has been written upon the subject, and we have quite recently, in several cases, discussed the legal propositions involved. (*Townshend* v. *Frommer*, 125 N. Y. 446; *Campbell* v. *Stokes*, 142 N. Y. 23; *Matter of Baer*, 147 N. Y. 348; *Matter of Brown*, 154 N. Y. 313; *Matter of Young*, 145 N. Y. 535; *McGillis* v. *McGillis*, 154 N. Y. 532; *Hersee* v. *Simpson*, 154 N. Y. 496.) The opinion below delivered by RUMSEY, J. (26 App. Div. 15) is in accord with our views, and we shall only supplement it with an additional point.

The contention on one side is that under the deed of trust the children of Paran Stevens took a vested remainder. On

the other side, it is claimed that the future estate was contin-
gent. Under the Revised Statutes "future estates are either
vested or contingent. They are vested, when there is a per-
son in being, who would have an immediate right to the
possession of the lands, upon the ceasing of the intermedi-
ate or precedent estate. They are contingent, whilst the
person to whom, or the event upon which they are limited
to take effect, remains uncertain." (1 R. S. 723, § 13.) If
the estate is vested it is descendible, devisable and alienable
in the same manner as an estate in possession. (1 R. S.
725, § 35.) Upon referring to the deed it will be observed
that there is no provision in which the estate is granted to the
children of Paran Stevens. It only contains a direction to
the trustee to convey the premises to the children or their
descendants, upon the termination of the lives of the persons
for whose benefit the trust was created. Upon the happening
of that event, the trustee is directed to convey the premises
to the children in fee, the issue of any child who shall have
died leaving issue at the death of the survivor of Paran and
Marietta, to take the same share the parent would, if living.
Had the provisions of the deed stopped at this point, there
might possibly be found some ground for the contention that
a vested remainder was intended, notwithstanding the absence
of a provision expressly granting the estate to the children;
but that which follows we regard as decisive against that con-
tention, "and in default of issue of the said Paran living at
the time of decease of the survivor of the said Paran and
Marietta, then to convey the same to the heirs at law of the
said Paran Stevens." Here we have an express provision in
the deed disposing of the fee to the heirs at law of Paran Ste-
vens, in case none of his children or of their issue survive
himself and his wife. If each of his children took a vested
remainder in one-third of the real estate, as it is contended, then
such estate would have been descendible and devisable, and,
upon the death of a child, it would pass under his will, or, in
default thereof, descend to his heirs at law. It could not pass
to the heirs at law of Paran Stevens. We, consequently, con-

clude that the provisions of the deed directing the trustee to convey to the heirs at law of Paran Stevens, in case none of his children or of their issue survive, of necessity, indicate that it was not intended that the children should take a vested remainder. It follows that their estates were contingent. Henry Leiden having died during the pendency of the trust, leaving no issue him surviving, no interest in the real estate in question passed under his will or descended to his heirs at law, and upon the death of Mrs. Stevens the entire real estate passed to the surviving daughters.

Paran Stevens died leaving a last will and testament, which has been proved and admitted to probate. In it he gave and bequeathed to his wife during her natural life the use of a large quantity of personal property which he specifically described, and then provided " upon the decease of my said wife the property, by this and the preceding clause devised, shall belong to my children, the descendants of any deceased child to take the share their parent would have taken if living, and if no descendants of mine survive my said wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees in case of such failure of descendants in the next clause of this will and in the same proportion." The same contention is made with reference to the construction of this clause that was made with reference to the provisions of the deed. The question certified is as follows : " Upon the death of the widow did the personal representatives of the son take an undivided third part of the personal property bequeathed by the third and fourth clauses of the will of Paran Stevens ? " It is claimed that one-third of this property vested in Henry Leiden Stevens, and that it, upon his death, passed under his will to his personal representatives. We, however, are of the opinion that this construction cannot be sustained. If it belonged to the children of Paran Stevens, subject only to the life use of their mother, or, if their interest in the estate had. vested, then upon their death it would go to their legatees, or ·in default of a will to their next of kin. It could not possibly

go to the residuary legatees named in the will of their father. It is, therefore, apparent that the concluding clause of the will of the father providing that if no descendants of his survive his wife the property shall belong and be delivered over by his executors to the persons named by him of necessity shows that he did not intend that his children should have such a vested interest in the property during the lifetime of his wife as to make it pass under their wills or go to their next of kin. We, therefore, conclude that none of this property passed under the will of Henry Leiden Stevens, but that, upon the death of Mrs. Stevens, it passed to the surviving daughters of the testator in equal shares.

The judgment of the Appellate Division, so far as it reverses and modifies the judgment of the Special Term, should be reversed and that of the Special Term affirmed and the questions certified answered in the negative, with costs of this appeal to abide the final award of costs upon the application for final judgment herein.

All concur (BARTLETT, J., in result).

Judgment accordingly.