In re RHOADES et al.

In re WHEELWRIGHT'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 21, 1899.)

WILLS—CONSTRUCTION.

Testator gave his widow the use of certain personalty, with the income from one-third of his estate, the other two-thirds going to his five children. On her death, the property was to be divided into fifths, each son and daughter taking the use of one-fifth, with remainders over to the issue of each. On the death of any one child without issue, the one-fifth was to revert "to my next of kin." The will also provided that the next of kin should mean "such persons as shall be heirs or next of kin at the time of my death, as if I had died intestate." *Held*, that the heirs and legal representatives of a predeceased child should, as well as testator's living children, share in the estate held in trust of a child dying without issue, and not that in which it was a life beneficiary.

Appeal from surrogate's court, New York county.

Proceedings in the matter of the judicial settlement of the account of John H. Rhoades and others, trustees under the will of Benjamin F. Wheelwright, for the benefit of Benjamin F. Wheelwright, 2d. From the judgment (54 N. Y. Supp. 301), Elizabeth G. Wheelwright, in her own behalf and as trustee, and certain other heirs, appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John B. Pine, for appellant Wheelwright.

Frank D. Sturges, for appellants Butterfield and Goffe.

Edward W. Sheldon, for respondents Rhoades, Chisholm, and Rhoades, Jr.

Joseph H. Gray, for respondents accounting trustees.

WOODWARD, J. The learned surrogate, in our opinion, has correctly disposed of the questions involved in the proceeding brought here for review. The questions are those of the construction of the will of the late Benjamin F. Wheelwright, dated June 25, 1873, and admitted to probate by the surrogate of New York county, October

21, 1875. The testator by his will gave his widow the use of a house for life, and left the residue of his estate, after the payment of certain legacies, to trustees, to hold during the life of the widow, paying one-third of the income to her, and the remaining two-thirds to the testator's children. By the ninth clause of this will, the testator directs that, after the death of his wife, a division of his property, real and personal, shall be made, and that each child shall have the income of certain parcels of real estate for life, and, upon his or her death, he gives such real estate to the issue of such child, if he or she leave any, and, "if he (or she) die without issue, said premises shall revert to my heirs." The provision made for Benjamin F. Wheelwright, 2d, which is in substance the same as the others, and which is the matter directly involved, reads as follows:

"I give and devise to my son Benjamin F. Wheelwright, during his natural life, the income and rents of my two stores now known as Nos. three and five Cedar street, in the city of New York, and after his death I give the said two stores and lots to his issue, if he leave any; if he die without issue, said premises shall revert to my heirs."

By the tenth clause it is provided that:

"After providing for all the foregoing bequests, and on the death of my wife, the rest of my real and personal estate, including all charges against any or all of my children upon my books, shall be appraised by my executors, and all credits upon my books to any of my children also included, shall be divided by my executors into five equal shares. Said shares shall be retained in the hands of my executors in trust for my sons Washington and Benjamin, and my daughters Annie, Caroline, and Elizabeth, respectively, share and share alike, in severalty; the said executors and trustees to apply the income of said shares, respectively, to the sole use and benefit of my said sons and daughters, respectively, each as to his or her share, for the term of his or her natural life, and, on the decease of either of them, to pay his or her share to his or her issue, and, in default of issue, his or her share shall revert to my next of kin."

By the next clause it is provided that:

"Where property is above directed, in certain cases, to revert to my next of kin or heirs, I mean such persons as shall be heirs or next of kin at the time of my death, as if I had died intestate."

If we apply the rule that wills are to be construed according to the intent of the makers, there can be no reasonable doubt that Benjamin F. Wheelwright disposed of his property in accord with the construction placed upon the will by the learned surrogate. During the lifetime of his widow, she was given the use of a certain house, the furniture and fixtures, together with the income from one-third of his estate, the other two-thirds going to his five children. After her death, the property was to be divided into fifths, each son and daughter taking the use and benefits of one-fifth, with remainders over to the issue of each. In the event of the death of any one of the five children without issue, then the one-fifth which would have descended to the issue of such child was to revert to "my next of kin"; and, to make certain just who was intended, the testator says that, "where property is above directed in certain cases to revert to my next of kin or heirs, I mean such persons as shall be heirs or next of kin at the time of my death, as if I had died intestate." Clearly, there can be no grounds for the court to construe this language. It furnishes its own con-

struction, and plainly evidences the intention of the testator to give each of the five branches of his family an equal allowance, and, in the event of the failure of any branch of his family, the property designed for this branch was to "revert to my next of kin"; being such "persons as shall be heirs or next of kin at the time of my death, as if I had died intestate."

Benjamin F. Wheelwright, 2d, died without issue, and the question before the surrogate was whether the one-fifth portion of the trust estate was to revert to the next of kin of the testator who were such at the time of his death, or whether it fell to those who survived out of the five brothers and sisters. The appellant Elizabeth G. Wheelwright contends that the share of her brother, who died without leaving issue, belongs to herself and her sister Caroline M. Child, who are the sole survivors; but, if this is admitted, then the children of the other brother and sisters who died leaving issue are deprived of their share of the reversion, and the care which the testator took to make an equitable distribution forbids that we should permit such a construction to be placed upon his will.

The case of Paget v. Melcher, 156 N. Y. 399, 51 N. E. 24, relied upon by this appellant, is not in point. In that case the court say:

"Upon referring to the deed, it will be observed that there is no provision in which the estate is granted to the children of Paran Stevens. It only contains a direction to the trustee to convey the premises to the children or their descendants, upon the termination of the lives of the persons for whose benefit the trust was created. Upon the happening of that event, the trustee is directed to convey the premises to the children in fee, the issue of any child who shall have died leaving issue at the death of the survivor of Paran and Marietta to take the same share the parent would if living. Had the provisions of the deed stopped at this point, there might possibly be found some ground for the contention that a vested remainder was intended, notwithstanding the absence of a provision expressly granting the estate to the children; but that which follows we regard as decisive against that contention. 'and, in default of issue of the said Paran living at the time of decease of the survivor of the said Paran and Marietta, then to convey the same to the heirs at law of the said Paran Stevens.' Here we have an express provision in the deed disposing of the fee to the heirs at law of Paran Stevens, in case none of his children or of their issue survive himself and his wife. If each of his children took a vested remainder in one-third of the real estate, as is contended, then such estate would have been descendible and devisable, and, upon the death of a child, it would pass under his will, or, in default thereof, descend to his heirs at law. It could not pass to the heirs at law of Paran Stevens."

There is in this no parallel to the case at bar, where the testator provided for the reversion of the trust estate to his next of kin on the death of any one of his children without issue. In other words, the rights of all of the parties under the will vested at the death of the testator. They had certain rights in the estate, contingent on the happening of certain events, and when those events transpired the property passed to the several parties by virtue of the will, and there is no doubt of the right of any of the next of kin to dispose of their interests by will. By the provisions of the Revised Statutes, "future estates are either vested or contingent. They are vested, when there is a person in being, who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent

estate. They are contingent, whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain." 1 Rev. St. p. 723, § 13. On the death of the testator, there were five persons in being who were entitled to immediate possession of the property of the testator on the death of testator's wife. Their interests in the estate were, therefore, vested. They were entitled to everything which the will conveyed to them, including the right to inherit such portions of the estate as should revert to the testator's next of kin by reason of the death, without issue, of any one of the persons mentioned in the will. This is recognized in the case of Paget v. Melcher, supra, where the court say:

"If it [the property] belonged to the children of Paran Stevens, subject only to the life use of their mother, or, if their interest in the estate had vested, then upon their death it would go to their legatees, or, in default of a will. to their next of kin. It could not possibly go to the residuary legatees named in the will of their father. It is therefore apparent that the concluding clause of the will of the father, providing that, if no descendants of his survive his wife, the property shall belong and be delivered over by his executors to the persons named by him, of necessity shows that he did not intend that his children should have such a vested interest in the property during the lifetime of his wife as to make it pass under their wills or go to their next of kin."

It is not necessary to give any further consideration to the appeal of the grandchildren of the testator, who contend that Benjamin F. Wheelwright, 2d, is not entitled to be considered among those who are entitled to share in the residuary estate. The will clearly designates the next of kin who shall be such at the time of his death as those who shall take in the event of the death of any of his children without issue, and this court has no authority to make a new or a different will from that made by the testator. The estate of Benjamin F. Wheelwright, 2d, is clearly entitled to share in the reversion. Smith v. Allen, 32 App. Div. 383, 53 N. Y. Supp. 114.

The decree of the surrogate should be affirmed, with costs to the respondent trustees, to be paid out of the estate. All concur.