A testator, after devising his property to his wife during life or widowhood, directed the executors after her death or remarriage to convert the property into money, and out of the proceeds to pay to legatees named certain sums, "which amounts I do hereby give and bequeath unto them, to be paid only as aforesaid." *Held*, that the legacies were not contingent upon the legatees' surviving the life or widowhood of the wife, but vested on the death of testator.

Matter of the estate of Joseph Elliott, deceased. On exceptions to the report of a referee. Exceptions sustained.

Man & Man, for executor.
Allan Robinson, for administrator of A. Town.
George D. Mumford, special guardian.

FITZGERALD, S. The exceptions which have been filed to the report of the referee present for decision the question whether the bequest to Alphrona Town, contained in the codicil to the will of the decedent, lapsed by reason of her death during the lifetime of testator's widow, to whom was given for life, or while she remained unmarried, the real estate and the residuary personal estate disposed of by the will. Upon her death or remarriage, the executors were directed by the codicil to sell and convey the real estate, and convert the personal property into money, and out of the proceeds to pay to one of testator's sons $1,500, and to Alphrona Town $800, "which said amounts," quoting the language of the testator, "I do hereby give and bequeath unto them, to be paid only as aforesaid. After the payments have been made, the balance remaining in the hands of my executors shall be divided between my two sons," naming them.

The referee has decided that the bequest in question was contingent, and that it could only become vested or effective by the legatee's surviving the happening of the death or remarriage of the widow. His decision is principally based upon the circumstance that the testator directed the conversion of the real estate at a future time, and the payment of the legacy from the proceeds. The importance which he has attached to this circumstance is attributable to the supposed effect of the decisions which are referred to by him, and of the rules which they mention as proper aids in appropriate cases in the construction and interpretation of wills. These cases are Warner v. Durant, 76 N. Y. 136; Vincent v. Newhouse, 83 N. Y. 505; Smith v. Edwards, 88 N. Y. 92; Delaney v. McCormack, Id. 174; Shipman v. Rollins, 98 N. Y. 311. A careful examination and consideration of these authorities satisfies me that they do not control the disposition of the question here at issue. Neither in the provisions of the wills which were the subject of construction, nor in the principles or circumstances which were regarded as governing their construction and decision, do these cases bear any essential or approximate resemblance to the case now under consideration. The rule declaring that, where the gift consists only in a direction to divide or pay at a future time, the vesting, as well as the time of payment or enjoyment, is postponed, which is referred to in the cases above cited, and which doubtless acquires greater pertinency and significance from the direction for conversion contained in the wills considered in some of them, has been repeatedly stated to be not an inflexible or arbitrary rule, but one readily yielding to the intention of the testator, and sometimes evidence of a very slight character has been resorted to by the courts, and taken as expressive or indicative of such intention. In re Young, 145 N. Y. 535, 40 N. E. 226; In re Brown, 154 N. Y. 313, 48 N. E. 537; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Tienken, 131 N. Y. 391, 30 N. E. 109; Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979; Hillyer v. Vandewater, 121 N. Y. 681, 24 N. E. 999. Almost invariably accompanying the declaration of the rule mentioned is found the statement of another rule or principle similarly formulated for the purpose of aiding in discovering the intention of the testator, and that is that where there is a direct or immediate gift, the subject of which cannot come into possession or enjoyment of the legatee until some future time, the gift is nevertheless to be regarded as indefeasibly vested. This latter rule seems to me to more fitly accord with the intention of the testator in the present case, and I think it should control its disposition. Words of present gift are here clearly used. The testator says, "I do hereby give and bequeath." The use of such language, or language of the same import or effect, is expressly or impliedly recognized by the authorities as effective, in the absence of other controlling circumstances, to create a vested interest or estate in the beneficiary. In re Young, 145 N. Y. 535, 40 N. E. 226; Delaney v. McCormack, 88 N. Y. 174; Smith v. Edwards, Id. 92; Shipman v. Rollins, 98 N. Y. 311; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Baer, 147 N. Y. 354, 41 N. E. 702; Delafield v. Shipman, 103 N. Y. 468, 9 N. E. 184; Miller v. Gilbert,

144 N. Y. 68, 38 N. E. 979; Ross v. Roberts, 2 Hun, 90, affirmed 63 N. Y. 652; In re Mahan, 98 N. Y. 372; Geisse v. Bunce, 23 App. Div. 292, 48 N. Y. Supp. 249; Warner v. Durant, 76 N. Y. 136; Loder v. Hatfield, 71 N. Y. 99; Wells v. Seeley, 47 Hun, 109; In re Gardner, 140 N. Y. 122, 35 N. E. 439. In Vincent v. Newhouse and other cases, where there was a direction to convert the real estate, and which have been relied upon to support the view that the bequest in question is contingent, there was no direct or immediate gift or language importing such gift, and that circumstance was commented upon or referred to in the opinions delivered in rendering the decisions in Delaney v. McCormack and Shipman v. Rollins. In addition to the absence of the circumstance mentioned, the cases presented other features, apart from the direction to pay or divide the proceeds of the sale of real estate, not present in the case at bar, which had an important, if not decisive, influence upon the judgment of the courts deciding them. In Delaney v. McCormack the proceeds of the sale were directed to be distributed among a class of persons,— the testator's next of kin,—and the sale and distribution were only to be had in the event of the death of the life tenant of the property without having had issue. The court regarded the fact that the gift was for the benefit of a class of persons, and so only going to those who answer the description, and are capable of taking at the time of distribution, as a reason for holding the bequest contingent within the principle laid down in Teed v. Morton, 60 N. Y. 506. In Vincent v. Newhouse there was a substitutionary gift of the proceeds of the sale, to take effect in the event of the death of the primary legatees before the time appointed for the distribution, and this the court construed as tantamount to a direction by the testator for a distribution among such of the primary legatees as should be living at the time designated for the same, and so contingent within the rule adopted in Teed v. Morton, viz. that words of survivorship in bequests of personal property are to be referred to the period of distribution and enjoyment, unless there is a special intent to the contrary. In Shipman v. Rollins certain religious associations were selected by the testator to share in the proceeds of real estate which he directed to be sold. They were unincorporated at the time of his death. His will showed that he was aware of that fact, and that he contemplated their incorporation after his death and before the time provided for the distribution of his estate. The court considered that these circumstances evidenced the intention of the testator to postpone the vesting of the legacies until the time appointed for the distribution of the estate. As a result of the foregoing consideration of the precedents, in connection with the provisions of the will of the testator, I have been led to the conclusion that the bequest in question became indefeasibly vested in the legatee upon the death of the testator, and this conclusion finds additional and strong support from the following cases, some of which, in their essential features, are not unlike the present one: Snell v. Tuttle, 44 Hun, 324; Ross v. Roberts, 2 Hun, 90, affirmed 63 N. Y. 347; Riley v. Diggs, 2 Dem. Sur. 186; In re Mahan, 98 N. Y. 372; In re Collins, 70 Hun, 273, 24 N. Y.

Supp. 226, affirmed 144 N. Y. 522, 39 N. E. 629; In re Brown, 154
N. Y. 313, 48 N. E. 537; Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979.
The will contained a provision for the application of so much of the
principal of the estate as might be necessary for the maintenance of
the widow as respectably and comfortably as she had been accus-
tomed to be maintained during the lifetime of her husband, provided
the use and income of the estate should be insufficient for that pur-
pose.    Due consideration has been given to this provision, and nei-
ther by itself nor in connection with the other provisions of the will
is it of sufficient cogency or moment to prevent the vesting of the
legacy.    Ross v. Roberts, 2 Hun, 90, affirmed 63 N. Y. 652; Wells v.
Seeley, 47 Hun, 109; In re Gardner, 140 N. Y. 122, 35 N. E. 439;
Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950; Van Axte v. Fisher, 117
N. Y. 401, 22 N. E. 943; Van Camp v. Fowler, 59 Hun, 311, 13 N. Y.
Supp. 1.    The exceptions filed to the report of the referee are sus-
tained.

Exceptions sustained.