In the Matter of the Judicial Settlement of the Account of Proceedings of JOHN HARSEN RHOADES and Others, as Trustees under the Last Will and Testament of BENJAMIN F. WHEELWRIGHT, Deceased, for the Benefit of BENJAMIN F. WHEELWRIGHT, 2D.

ELIZABETH G. WHEELWRIGHT, Individually and as Trustee under the Last Will and Testament of BENJAMIN F. WHEELWRIGHT, Deceased, FRANCES A. BUTTERFIELD and FLORENCE L. GOFFE, Appellants; CORNELIA HARSEN RHOADES, BESSIE R. CHISOLM and JOHN HARSEN RHOADES, JR., Respondents.

JOHN HARSEN RHOADES and CAROLINE M. CHILD, as Trustees under the Last Will and Testament of BENJAMIN F. WHEELWRIGHT, Deceased, for the Benefit of BENJAMIN F. WHEELWRIGHT, 2D, Respondents.

*Will — when estates given thereby vest at the testator's death — when a son dying is entitled, as one of the testator's next of kin, to share in a portion of the estate passing, because of his so dying without issue, to the testator's next of kin.*

A testator by his will gave his widow during her lifetime the use of a certain house, together with the income of one-third of his estate, and provided that the other two-thirds should go to his five children; that upon the death of the widow the property was to be divided into fifths, each child taking the income of one-fifth for life, with remainder to its issue, and that in the event of the death of any of the children without issue, the one-fifth which would have descended to the issue of such child was to revert to the next of kin of the testator. The will further provided that, where property was directed to revert to the testator's next of kin or heirs, the testator meant such persons "as shall be heirs or next of kin at the time of my death as if I had died intestate."

*Held,* that the rights of all of the beneficiaries under the will vested at the death of the testator, including the right to inherit such portions of the estate as should revert to the testator's next of kin by reason of the death without issue of any one of the persons mentioned in the will;

That, upon the death of one of the testator's sons without issue, his one-fifth reverted to the next of kin of the testator, who were such at the time of the testator's death, and not to the survivors of the five brothers and sisters, and that the deceased son was to be considered one of such next of kin.

APPEAL by Elizabeth G. Wheelwright, individually and as trustee under the last will and testament of Benjamin F. Wheelwright, deceased, from so much of a decree of the Surrogate's Court of

New York county, entered in said Surrogate's Court on the 12th day of October, 1898, as reads as follows:

"And it appearing that, by the true construction of the said Last Will and Testament of Benjamin F. Wheelwright, deceased, the said trust estate became vested at the death of the said testator in Washington S. Wheelwright, Anne G. Rhoades, Caroline M. Child, Elizabeth G. Wheelwright and Benjamin F. Wheelwright, the children and only next of kin of the said testator, living at the time of his death; that the interest of the said Washington S. Wheelwright therein passed by his will to and became vested in his widow, Anderena E. Wheelwright; that the interest therein so acquired by the said Anderena E. Wheelwright passed by her transfer thereof to and became vested in the said Frances Agnes Butterfield and Florence Louise Goffe; and that one-third part of the said interest so acquired by the said Frances Agnes Butterfield and Florence Louise Goffe passed by their transfer thereof to and became vested in the said Charles P. Wheelwright, subject to the payment by him to the said Frances Agnes Butterfield and Florence Louise Goffe of the sum of three thousand seven hundred and fifty dollars to be deducted from the amount of his share in the said estate under the decree upon this accounting as reserved in the said instrument of transfer; that the interest of Anne S. Rhoades therein passed by her will to and became vested in the said John Harsen Rhoades, and that the interest so acquired by the said John Harsen Rhoades passed by his transfer thereof to and became vested in the said Cornelia Harsen Rhoades, Bessie R. Chisolm and John Harsen Rhoades, Jr.; and that the interest of the said Benjamin F. Wheelwright (2d) therein passed by his will to and became vested in the said Elizabeth Marie Pease; and that the interest so acquired by the said Elizabeth Marie Pease passed by her transfer thereof to and became vested in the said John Harsen Rhoades, Junior, a certified copy of which is filed in the Surrogate's office;" and from the provisions of said decree directing the distribution by said trustees of the residue of the capital of the trust estate of Benjamin F. Wheelwright (2d) among the following persons, viz.: Caroline M. Child, Elizabeth G. Wheelwright, Frances Agnes Butterfield, Florence Louise Goffe, Charles P. Wheelwright, Cornelia Harsen Rhoades, Bessie R. Chisolm and John Harsen Rhoades, Jr., in the proportions specified in said

decree; also an appeal by Florence L. Goffe and Frances A. Butterfield from so much of said decree as provides that the trust estate, or the principal thereof, became vested in whole or in part, at the death of the testator, in Benjamin F. Wheelwright, as one of the children and next of kin of the testator living at the time of his death, and from so much of said decree as directs that said trust estate be divided into five equal parts, and distributed in fifths.

This appeal was transferred from the first department to the second department.

*John B. Pine,* for the appellant Wheelwright.

*Frank D. Sturges,* for the appellants Butterfield and Goffe.

*Edward W. Sheldon,* for the respondents Rhoades, Chisolm and Rhoades, Jr.

*Joseph H. Gray,* for the respondents, accounting trustees.

WOODWARD, J.:

The learned surrogate, in our opinion, has correctly disposed of the questions involved in the proceeding brought here for review. The questions are those of the construction of the will of the late Benjamin F. Wheelwright, dated June 25, 1873, and admitted to probate by the surrogate of New York county October 21, 1875. The testator by his will gave his widow the use of a house for life, and left the residue of his estate, after the payment of certain legacies, to trustees, to hold during the life of the widow, paying one-third of the income to her and the remaining two-thirds to the testator's children. By the 9th clause of this will the testator directs that after the death of his wife a division of his property, real and personal, shall be made, and that each child shall have the income of certain parcels of real estate for life, and, upon his or her death, he gives such real estate to the issue of such child, if he or she leave any, and, " if he (or she) die without issue, said premises shall revert to my heirs." The provision made for Benjamin F. Wheelwright, 2d, which is in substance the same as the others, and which is the matter directly involved, reads as follows: " I give and devise to my son Benjamin F. Wheelwright, during his natural life, the income and rents of my two stores now known as Nos. three and

five Cedar Street in the City of New York, and after his death I
give the said two stores and lots to his issue if he leave any ; if he
die without issue, said premises shall revert to my heirs."

By the 10th clause it is provided that, " after providing for all the
foregoing bequests, and on the death of my wife the rest of my real
and personal estate, including all charges against any or all of my
children upon my books, shall be appraised by my executors, and all
credits upon my books to any of my children also included shall be
divided by my executors into five equal shares ; said shares shall be
retained in the hands of my executors in trust for my sons Wash-
ington & Benjamin and my daughters Annie, Caroline & Elizabeth
respectively share and share alike in severalty, the said execu-
tors and trustees to apply the income of said shares respectively to
the sole use and benefit of my said sons and daughters respectively
each as to his or her share for the term of his or her natural life,
and on the decease of either of them to pay his or her share to his
or her issue, and, in default of issue, his or her share shall revert to
my next of kin."

By the next clause it is provided that, " where property is above
directed in certain cases to revert to my next of kin or heirs, I mean
such persons as shall be heirs or next of kin at the time of my death
as if I had died intestate."

If we apply the rule that wills are to be construed according to
the intent of the makers, there can be no reasonable doubt that
Benjamin F. Wheelwright disposed of his property in accord with
the construction placed upon the will by the learned surrogate.
During the lifetime of his widow she was given the use of a certain
house, the furniture and fixtures, together with the income from
one-third of his estate, the other two-thirds going to his five chil-
dren.    After her death the property was to be divided into fifths,
each son and daughter taking the use and benefit of one-fifth, with
remainders over to the issue of each.    In the event of the death of
any one of the five children without issue, then the one-fifth which
would have descended to the issue of such child was to revert to
" my next of kin," and, to make certain just who was intended, the
testator says that " where property is above directed in certain cases
to revert to my next of kin or heirs I mean such persons as shall be
heirs or next of kin at the time of my death as if I had died intes-

tate." Clearly there can be no grounds for the court to construe this language; it furnishes its own construction, and plainly evidences the intention of the testator to give each of the five branches of his family an equal allowance, and, in the event of the failure of any branch of his family, the property designed for this branch was to "revert to my next of kin," being such "persons as shall be heirs or next of kin at the time of my death as if I had died intestate."

Benjamin F. Wheelwright, 2d, died without issue, and the question before the surrogate was whether the one-fifth portion of the trust estate was to revert to the next of kin of the testator who were such at the time of his death, or whether it fell to those who survived out of the five brothers and sisters. The appellant, Elizabeth G. Wheelwright, contends that the share of her brother, who died without leaving issue, belongs to herself and her sister, Caroline M. Child, who are the sole survivors; but if this is admitted, then the children of the other brother and sisters who died leaving issue are deprived of their share of the reversion; and the care which the testator took to make an equitable distribution forbids that we should permit such a construction to be placed upon his will. The case of *Paget* v. *Melcher* (156 N. Y. 399), relied upon by this appellant, is not in point. In that case the court say: "Upon referring to the deed it will be observed that there is no provision in which the estate is granted to the children of Paran Stevens. It only contains a direction to the trustee to convey the premises to the children or their descendants, upon the termination of the lives of the persons for whose benefit the trust was created. Upon the happening of that event, the trustee is directed to convey the premises to the children in fee, the issue of any child who shall have died leaving issue at the death of the survivor of Paran and Marietta, to take the same share the parent would if living. Had the provisions of the deed stopped at this point, there might possibly be found some ground for the contention that a vested remainder was intended, notwithstanding the absence of a provision expressly granting the estate to the children; but that which follows we regard as decisive against that contention, 'and in default of issue of the said Paran living at the time of decease of the survivor of the said Paran and Marietta, then to convey the same to the heirs at law of the said Paran Stevens.' Here we have an express provision in the deed disposing

of the fee to the heirs at law of Paran Stevens, in case none of his children or of their issue survive himself and his wife. If each of his children took a vested remainder in one-third of the real estate, as it is contended, then such estate would have been descendible and devisable, and, upon the death of a child, it would pass under his will, or, in default thereof, descend to his heirs at law. It could not pass to the heirs at law of Paran Stevens." There is in this no parallel to the case at bar, where the testator provided for the reversion of the trust estate to his next of kin on the death of any one of his children without issue. In other words, the rights of all of the parties under the will vested at the death of the testator; they had certain rights in the estate, contingent on the happening of certain events, and when these events transpired the property passed to the several parties by virtue of the will, and there is no doubt of the right of any of the next of kin to dispose of their interests by will. By the provisions of the Revised Statutes "future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which, they are limited to take effect, remains uncertain." (1 R. S. 723, § 13.) On the death of the testator there were five persons in being who were entitled to immediate possession of the property of the testator on the death of testator's wife. Their interests in the estate were, therefore, vested. They were entitled to everything which the will conveyed to them, including the right to inherit such portions of the estate as should revert to the testator's next of kin by reason of the death, without issue, of any one of the persons mentioned in the will. This is recognized in the case of *Paget* v. *Melcher* (*supra*) where the court say : " If it (the property) belonged to the children of Paran Stevens, subject only to the life use of their mother, or if their interest in the estate had vested, then, upon their death, it would go to their legatees, or, in default of a will, to their next of kin. It could not possibly go to the residuary legatees named in the will of their father. It is, therefore, apparent that the concluding clause of the will of the father, providing that if no descendants of his survive

his wife the property shall belong and be delivered over by his.
executors to the persons named by him, of necessity shows that he
did not intend that his children should have such a vested interest in
the property during the lifetime of his wife as to make it pass under
their wills or go to their next of kin."

It is not necessary to give any further consideration to the appeal
of the grandchildren of the testator, who contend that Benjamin F..
Wheelwright, 2d, is not entitled to be considered among those who
are entitled to share in the residuary estate.    The will clearly desig-
nates the next of kin who shall be such at the time of his death as.
those who shall take in the event of the death of any of his children
without issue, and this court has no authority to make a new or a dif-
ferent will from that made by the testator.    The estate of Benjamin
F. Wheelwright, 2d, is clearly entitled to share in the reversion..
(*Smith* v. *Allen*, 32 App. Div. 383.)

The decree of the surrogate should be affirmed, with costs to the
respondents, trustees, to be paid out of the estate.

All concurred.

Decree of the surrogate affirmed, with costs to the respondents,
trustees, to be paid out of the estate.