1. WILL—CONSTRUCTION—DEVISEES.
    Where testator makes his wife a life beneficiary of a trust, and bequeathed the remainder on her death to certain nephews, naming them, share and share alike, only such nephews as survive him take as tenants in common.

2. SAME—LAPSED LEGACIES.
    Where testator leaves his estate after the death of the life tenant to four of his nephews, naming them, share and share alike, and only two survive him, the representatives of his deceased widow and those nephews who die after him are entitled to share with the living nephew in the lapsed legacies.

In the matter of the judicial settlement of the accounts of James F. Riches, executor of Patrick F. Fenning. Decree of distribution.

Amasa J. Parker (Lewis R. Parker, of counsel), for C. H. Fenning.

George Finck, for Robert C. Emlin.

James F. Tracey, for Annie E. Quigg.

Dyer & Ten Eyck, for Alice L. Taylor.

Mills & Murphy, for A. J. Sawyer.

Duane P. Cobb, for executor.

FITZGERALD, S. The testator, upon the death of his wife, whom he made the beneficiary of a trust embracing all his residuary estate, gave, devised, and bequeathed the same to his four nephews, naming them, share and share alike. This disposition in favor of the nephews is made in terms importing a present and immediate gift, the donees have been individually designated and described by name, and the shares which the testator intended they should take definitely indicated. Under these circumstances, the surviving nephews of the testator would take an indefeasible vested interest in the property disposed of, and this not as a class, but distributively, and as tenants in common. In re Elliott's Estate, 27 Misc. Rep. 258, 58 N. Y. Supp. 603; In re Kimberly's Estate, 150 N. Y.

90, 44 N. E. 945; Hoppock v. Tucker, 59 N. Y. 208; Moffett v. El-
mendorf, 152 N. Y. 484, 485, 46 N. E. 845, 57 Am. St. Rep. 529.
The nephew who is now living, and the representatives of the nephew
who survived the testator but predeceased his widow, are entitled,
by virtue of the provisions of the will, the former to one-fourth and
the latter to another quarter of the residuary estate.   The gift of the
remaining one-half to the other two nephews lapsed, they having died
in the lifetime of the testator.   As to this part the testator died in-
testate, and in the distribution to be made of it the representatives
of his widow, as well as those of the nephew who died after him,
are entitled to share with the living nephew.   Brown v. Richter, 25
App. Div. 239, 49 N. Y. Supp. 368; Clark v. Cammann, 160 N. Y.
328, 54 N. E. 709; In re Rhoades, 24 Misc. Rep. 642, 54 N. Y. Supp.
301, affirmed in 39 App. Div. 12, 56 N. Y. Supp. 917; Doane v. Trust
Co., 160 N. Y. 494, 55 N. E. 296.
    Decreed accordingly.