Matter of the Judicial Settlement of the Account of Proceedings of JAMES F. RICHES, as Sole Surviving Executor and Trustee of PATRICK G. FENNING, Deceased.

(Surrogate's Court, New York County, March, 1902.)

Remainder — When distributive and not to a class — Distribution in intestacy.

Where a testator constitutes his wife life beneficiary of a trust embracing his residuary estate and vests upon his own death the remainder after her death in four of his nephews, naming them, share and share alike, only such nephews as survived him take and they take as tenants in common and not as a class.

In lapsed legacies, to two nephews who died before him, the representatives of his deceased widow and those of a nephew who died after him are entitled to share with the nephew living.

PROCEEDINGS upon the judicial settlement of the account of an executor.

Amasa J. Parker (Lewis R. Parker, of counsel), for C. H. Fenning, administrator of Edward Fenning, deceased.

George Finck, for Robert C. Emlin, executor of Rachel R. Fenning, deceased.

James F. Tracey, for Annie E. Quigg.

Dyer & Ten Eyck, for Alice L. Taylor.

Mills & Murphy, for A. J. Sawyer.

Duane P. Cobb, for executor.

FITZGERALD, S.   The testator, upon the death of his wife, whom he made the beneficiary of a trust embracing all his residuary estate, gave, devised and bequeathed the same to his four nephews, naming them, share and share alike.   This disposition in favor of the nephews is made in terms importing a present and immediate gift; the donees have been individually designated and described by name, and the shares which the testator intended they should take definitely indicated.   Under these circumstances the surviving nephews of the testator would take an indefeasible vested interest in the property disposed of, and this not as a class, but distributively and as tenants in common.   Matter of Elliott, 27 Misc. Rep. 258; Matter of Kimberly, 150 N. Y. 90; Hoppock v. Tucker, 59 id. 208; Moffett v. Elmendorf, 152 id. 484, 485.   The nephew who is now living, and the representatives of the nephew who survived the testator but predeceased his widow, are entitled by virtue of the provisions of the will, the former to one-fourth and the latter to another quarter of the residuary estate.   The gift of the remaining one-half to the other two nephews lapsed, they having died in the lifetime of the testator.   As to this part the testator died intestate, and in the distribution to be made of it the representatives of his widow, as well as those of the nephew who died

after him, are entitled to share with the living nephew.   Brown v. Richter, 25 App. Div. 239; Clark v. Cammann, 160 N. Y. 328, 329; Matter of Rhoades, 24 Misc. Rep. 642, affd. 39 App. Div. 12; Doane v. Mercantile T. Co., 160 N. Y. 494.

Decreed accordingly.